**UNITED FIDELITY LIFE INS. CO. v. ROMIKE et al.**

No. 11614.

Court of Civil Appeals of Texas. San Antonio.

May 22, 1946.

Rehearing Denied June 19, 1946.

Storey, Sanders, Sherrill & Armstrong, of Dallas, for appellant.

Robert A. Sone and J. F. Park, both of Corpus Christi, for appellees.

SMITH, Chief Justice.

This appeal is from an order overruling the plea of privilege of the United Fidelity Life Insurance Company to be sued in Dallas County, its domicile.

The suit was instituted in Calhoun County by Jennie Romike and others against the Insurance Company to recover upon a policy of insurance issued by appellant in August, 1927, upon the life and health of Wal-ter Robert Fitzpatrick, a resident of Calhoun County. It was alleged by appellees that in 1929 the insured became disabled, and that, recognizing that disability, appellant made disability payments to him for a period of two years; that in 1932 appellant discontinued such payments and denied further liability to insured upon said policy. The insured died intestate in Calhoun County on May 22, 1942. This action was brought by his surviving wife and children to recover the amount of alleged accrued and unpaid disability installments, as well as upon the face of the life policy; for damages, attorney's fees and costs of suit.

Appellant interposed its plea of privilege to be sued in the county of its admitted domicile, to-wit, Dallas County. This plea was duly controverted by appellees, who, besides interposing a number of special exceptions, specially pleaded as facts sustaining venue, that appellant was an insurance corporation with an agency or representative in Calhoun County, in which county appellees' cause of action or a part thereof arose, bringing the case under § 23 of Article 1995, R.S., Vernon's Ann.Civ. St. art. 1995, § 23; that being a life and accident, or health and accident insurance company, and since the loss sued on occurred in Calhoun County, venue lay in that county, as contemplated in § 28, Article 1995. To appellees' controverting plea appellant replied by exception and answer, setting up numerous defenses, which, in their last analysis, go to the merits of the case and are not cognizable in determining a plea of privilege.

In short, appellees efficiently alleged causes of action for unpaid disability benefits accruing in Calhoun County to the insured, in his lifetime, under the terms of the policy sued on. It is true that appellant alleged defenses to appellees' alleged cause of action, including limitation, but the determination of the issues thus raised rest upon facts to be established by evidence in a trial upon the merits. One issue which is to determine the question of venue is that of whether the cause of action sued on arose in Calhoun County, and that issue was determined in favor of appellees by the uncontroverted proof that the losses did

in fact occur in that county. § 23, Art. 1995, R.S. That loss consisted, first, of the disability of the insured during his lifetime, and, second, his subsequent death, both of which elements of loss occurred in Calhoun County.

Moreover, venue was sustained in Calhoun County by the admitted facts that appellant is a life insurance company, a life and accident insurance corporation, or a health and accident insurance corporation, since such corporation may be sued on policies issued by it in any "county where loss has occurred or where the policyholder or beneficiary * * * resides." § 28, Art. 1995, R.S. It is conceded that the losses occurred and the insured lived and died in Calhoun County, and that appellant is an insurance corporation such as is described in the cited exception.

The judgment sustaining venue in Calhoun County is affirmed.