## DARNELL v. SOUTHWESTERN AMER-ICAN INS. CO.

### No. 14144.

Court of Civil Appeals of Texas. Dallas.

Dec. 23, 1949.

Walker F. Means, Grand Saline, for appellant.

Owen & McAlister, Fort Worth, for appellee.

YOUNG, Justice.

This is a case of venue with appeal from an order sustaining plea of privilege of appellee corporation and transferring the cause to Tarrant County, its place of residence. The petition of appellant, a resident of Van Zandt County, was upon allegations of a contract made verbally and in writing for insurance, and for recovery of sums due thereunder in loss of left eye sustained in said county, loss of time resulting from the accident, 12 percent damages, reasonable attorney's fees, and costs.

Aforesaid petition is lengthy, but alleged in substance that on or about January 12, 1948, while living in Smith County, plaintiff was solicited by Barney K. Gillis, defendant's general sales manager and director of agents, to purchase a policy of accident, sickness, and death insurance, exhibiting its Form 1 printed statement; representing that in consideration of $15.50 per year ($8 cash and $7.50 in three months), the resulting insurance would cover the following benefits: "Accidental death, pays up to $1,500.00 Loss of both hands $1,500.00 Loss of both feet $1,500.00 Loss of both eyes $1,500.00 Loss of one hand and one foot $1,500.00 Loss of one hand $750.00 Loss of one foot $750.00 Loss of one eye $250.00 Natural death $150.00 Emergency Benefit and Financial Aid $100.00 Loss of time from Accident, per week $25.00 Loss of time from Sickness, per week $25.00 Confinement in Hospital, per week $37.50." Further, that, relying on such representations of Gillis and terms of defendant's printed literature, plaintiff signed an application for such Form 1 unrestricted policy, which application was duly approved and accepted at defendant's home office, along with cash premium tendered by

plaintiff in connection therewith; and as a consequence a valid and subsisting contract of insurance was consummated between the parties of an unrestricted character. That defendant, however, instead of issuing to plaintiff an unrestricted policy of accident, sickness, and death insurance, as represented by defendant orally and in writing, sent to him in lieu thereof a policy No. 1866 of a highly restricted form, covering accidents and for disability occurring under specific and unusual circumstances; that there was no meeting of minds of the parties on the contents of said purported policy No. 1866, same having been fraudulently issued by defendant in an attempt to defraud plaintiff of his just rights; and similarly, that the minds of the parties having agreed on unrestricted insurance in terms of said Form 1, such became the sole and only contract between them and on which defendant was obligated. It was alleged that the agent Gillis was fully authorized to negotiate the Form 1 contract of insurance, and plaintiff's petition was replete with charges of fraud and misrepresentation on part of Gillis in connection with defendant's printed statement and concerning the character, coverage, and benefits of the policy of insurance to be issued.

On March 29 thereafter plaintiff, aged seventy-three, having moved to Van Zandt County, suffered the loss of sight to his left eye and here sues for benefits under his alleged contract of unrestricted insurance, viz.: $250 loss of eye; $300, 12 weeks loss of time and disability; 12 percent damages, and $500 attorney's fees (defendant having denied liability after tender of check for $2.50 which plaintiff refused). Defendant's above numbered policy in evidence shows it to be a mutual life, health and accident company, a Texas corporation with home office in Fort Worth. The hereinabove quoted schedule of losses which the company had underwritten were restricted under Part 1 of said policy to an injury "sustained by the, insured, while actually riding as a fare-paying passenger within a railroad car, interurban railroad car, or electric street car, and only when such loss shall be caused by the wrecking of any such car to an extent where it is unable to immediately proceed in regular service, * *." As typical of the limitation on liability under Part 4 of defendant's policy (loss of time from accident at $25 per week), the following paragraphs are quoted: "1. While actually riding within or driving a privately owned automobile of the pleasure car type, in case of an accident which shall materially wreck the automobile. 2. While actually riding within or driving a motor truck, in case of an accident which shall materially wreck the truck and is caused solely and directly by reason of a collision with another moving conveyance." Part 7 of the instrument further provided that for any disability or death "not otherwise covered or specifically excepted by this policy" reimbursement to insured should not exceed $5 during any one year, which amount was to be reduced 50 percent between ages of 67 and 73.

Plaintiff's controverting affidavit to plea of privilege, duly filed, incorporated his. petition as part thereof, pleading specifically the provisions of subdv. 28 of Art. 1995, viz.: "Insurance. * * * Suits on policies may be brought against any life insurance company, or accident insurance company, or life and accident, or health and accident, or life, health and accident insurance company, in the county where the home office of such company is located, or in the county where loss has occurred or where the policyholder or beneficiary instituting such suit resides." Appellant in written brief further invokes provisions. of subdv. 23 permitting suit in county "in. which the cause of action, or a part thereof, arose," or in the county in which the plaintiff resided at the time the cause of action, or a part thereof, arose; also subdv. 28a, providing: "In all actions. brought against Fraternal Benefit Societies and/or Statewide Mutual Assessment Companies, regardless of the plan upon which they operate and whether incorporated or not, growing out of or based upon any alleged right or claim or loss or proceeds due, arising from or predicated upon any policy or contract issued or made by such Fraternal Benefit Society and/or

Statewide Mutual Assessment Companies, venue shall lie in the county where the policyholder or beneficiary instituting such suit resides or in the county of the principal office of such association or where such cause of action arose."

Appellant in argument proceeds on the assumption that appellee is a statewide mutual assessment company. The statement may be subject to question under the record; however it is unnecessary to determine such corporate status with any degree of exactness. Neither does the record disclose any specific ground for the order sustaining plea of privilege and transfer of cause; but obviously the trial court proceeded on the theory that plaintiff had failed to establish a prima-facie cause of action.

Plaintiff's burden under his controverting affidavit is to prove, not his case, but that such is within one of the exceptions to the statute; Coalson v. Holmes, 111 Tex. 502, 240 S.W. 896;. Farmers' Seed & Gin Co. v. Brooks, 125 Tex. 234, 81 S.W.2d 675; and the venue proof turns solely on requirements of the particular exception. Under subdvs. 23 and 27, for example, a showing of cause of action, or part thereof, is required; but not so with reference to subdvs. 28 and 28a, where venue may properly be laid in the county where the policyholder or beneficiary instituting such suit resides; proof prima facie of a cause of action not being a matter for determination under these named exceptions. Highway Motor Freight Lines v. Slaughter, Tex.Civ.App., 84 S.W.2d 533, Syls. 9, 11; American Casualty Co. v. Bailey, Tex.Civ.App., 129 S.W.2d 338; National Aid Life v. Self, Tex.Civ.App., 140 S.W.2d 606; National Mutual Benefit Ass'n v. Maggard, Tex.Civ.App., 161 S.W. 2d 142; United Fidelity Life Ins. Co. v. Romike, Tex.Civ.App., 195 S.W.2d 212.

Of the cases cited by appellee, San Angelo Progressive Local Mutual Aid Ass'n v. Keel, Tex.Civ.App., 40 S.W.2d 858 and Aetna Life Ins. Co. v. McIver, Tex.Civ. App., 65 S.W.2d 817, the former, if dealing with subdv. 28 (the opinion does not state) and holding thereunder that a showing of bona fide cause of action is a necessary element of proof, is in conflict with all the foregoing authorities; and in Insurance Co. v. McIver, defendant was a foreign corporation to which exception 27 (requiring proof of a cause of action, or part thereof) was solely applicable instead of subdv. 28.

Appellant makes no claim under the policy actually issued, but predicates his suit on another and different contract of insurance allegedly made with defendant, praying that defendant be required to specifically perform the same, or, on the other hand, for its breach; and so far as all issues on venue are concerned, we think his suit may properly be classified as one arising under either subdv. 28 or 28a.

Appellee's plea of privilege should have been overruled; and this cause is reversed and now remanded to the trial court with direction to make entry accordingly. Above conclusions are not intended as bearing in any wise on the merits of plaintiff's alleged cause of action.

Reversed and remanded with instructions.