## DARNELL v. SOUTHWESTERN AMERICAN INS. CO.

### No. 14324.

Court of Civil Appeals of Texas. Dallas.
May 4, 1951.

Walker F. Means, Pecos, and Robert Ramsey, Kaufman, for appellant.

Grady Owen, Fort Worth, for appellee.

YOUNG, Justice.

This appeal is from an order sustaining special exceptions to claimant's original petition declaring upon a contract of insurance, partly oral and partly in writing; the court having dismissed plaintiff's cause upon his refusal to amend. Allegations of said petition are sufficiently detailed in Tex.Civ.App., 226 S.W.2d 239, on hearing of defendant Company's venue plea, to which reference is made in interest of brevity.

Petitioner there set forth with particularity the understanding had between himself and defendant's "General Agent," B. K. Gillis, concerning a general and unrestricted policy of insurance, his acceptance thereof and payment of premium; that on or about January 10, 1948, such coverage of insurance was approved by defendant, but that the latter, "instead of issuing to plaintiff a general and unrestricted policy of accident-sickness-death insurance, of the nature and character, and provided for the coverage and benefits as described and represented in the printed statement set out in Paragraph IV of this petition and as represented and described by said B. K. Gillis on behalf of the said defendant, as hereinabove alleged, falsely and fraudulently and with intent to defraud the plaintiff, issued in lieu thereof its purported policy No. 1866, which was a limited and restricted policy of accident-sickness-death insurance covering only accidents occurring under a few specific circumstances and covering only a few kinds of sickness and providing for disability payments for loss of time from sickness and/or accident under only a few specific circumstances."

Incorporated in above petition was a printed statement of defendant Company, designated as Form 1, purportedly describing a general and unrestricted policy of accident-sickness-death insurance (see 226 S.W.2d 239 for contents); also Darnell's signed application containing the recital, "I understand that I am applying for the Form 1 policy and the regular weekly benefit provided in the policy is $25.00." Said application also recited that, "I understand the terms of the policy applied for, and that said policy will not be in force until actually issued and received by me while I am free of injury or sickness and the first stated premium is paid."

One benefit of the so-called unrestricted policy (claimed by plaintiff to have been the subject of purchase) was $250 for the loss of an eye. He suffered such an injury on March 29, 1948, the instant suit being for that sum, loss of time in consequence, 12% damages, reasonable attorney's fees, and costs.

■ On this appeal and in view of the trial court's action on exceptions, plaintiff's allegations in orginal petition must be taken as true. It is appellant's theory that the Company's printed statement (made part of his pleadings), evidencing on its face a Form 1 unrestricted policy of insurance, coupled with representations of General Agent Gillis to the same effect, consummated the contract of insurance applied for by him, he paying the premium demanded; the Company duly accepting and approving plaintiff's application therefor on January 10. Instead of issuing the policy described in its printed statement, as plaintiff avers, the insurer knowingly and in bad faith sent him policy No. 1866 of an extremely restricted nature; and that as a result he was not duty bound to notify it of his refusal to accept the latter policy; on the other hand being entitled to rely on the policy applied for as a completed oral contract of insurance.

■ But appellant's signed application further recited that the policy applied for "will not be in force until actually issued and received by me * * *." An oral agreement to effect insurance by the issuance of a policy may be enforced. Springfield Fire & Marine Ins. Co. v. Hubbs-Johnson Motor Co., Tex.Com.App., 42 S.W.2d 248. However, where, as here, the parties agree that a policy is not to become effective until issued, no action will lie on the antecedent oral agreement. Magness v. Great Southern Life Ins. Co.,

Tex.Civ.App., 219 S.W. 280. And, as appellee points out, "Where the written application, as in this instance, provides that the policy will not be in force until actually issued and received by the applicant no contract of insurance is completed unless and until the policy is issued and delivered according to the application." Quoting from Joyce on Insurance, the pertinent rule is stated by the Commission of Appeals in American National Ins. Co. v. Huey, 66 S.W.2d 690, 691: "If the application for insurance does not set forth all the provisions which the policy is to contain, and the agent represents that the policy will contain certain lawful stipulations, the policy must contain them, or the insured will not be bound to accept it. In such case, however, it is incumbent upon the applicant immediately on receipt of the policy to notify the company of his refusal to accept the policy."

Appellant was chargeable with notice of the contents of policy No. 1866 actually received, and if the instrument was not as represented it was incumbent upon him to immediately give notice to the Company of his nonacceptance. Otherwise stated, the option was his to either reject the policy delivered, notifying the Company of his refusal to accept it, or retain the policy, which he did, thereby becoming bound by its terms and provisions. No other logical conclusion can be drawn from an analysis of plaintiff's pleading and exhibit, taken as a whole.

Judgment of the trial court is affirmed.