**MERCURY LIFE AND HEALTH COMPANY, Appellant,**

v.

**EDGAR–RENEGAR–CAMPBELL CLINIC AND HOSPITAL, Appellees.**

No. 6558.

Court of Civil Appeals of Texas. Amarillo.

Jan. 16, 1956.

Rehearing Denied Feb. 20, 1956.

232

McCann & Boedeker, Levelland, and John Peace, San Antonio, for appellant.

Allison, Steele & Allison, Levelland, for appellees.

NORTHCUTT, Justice.

Appellee brought this suit upon an insurance policy to recover for services rendered to one Paublo Hinojosa Rivira during September, October and November, 1954. Appellant filed its plea of privilege to be sued in Bexar County, Texas, the county of its residence. The appellee filed its controverting affidavit contending that ·the suit had been properly brought in Hockley County, Texas under Exception No. 28 of Article 1995 of Texas Revised Civil Statutes. It was stipulated by the parties that appellant is a life and health accident insurance company and that Paublo Hinojosa Rivira was the beneficiary of a bracero insurance policy issued by appellant for the time including the months of September, October and November, 1954. The trial court overruled the plea of privilege and appellant has perfected this appeal.

Appellant presents its appeal upon four points of error as follows: that there is no evidence to support a finding that appellee was a policy holder of appellant or the beneficiary in a policy issued by appellant; that the evidence was insufficient to support a finding that appellee was a policy holder of appellant or a beneficiary in a policy issued by appellant; that there was no evidence to support a finding that the case was a suit upon a contract of insurance and that the evidence was insufficient to support a finding that the case was a suit upon a contract of insurance.

We think all four of these points can best be disposed of under one general discussion. Under the stipulation above mentioned, there is no question but what appellant is a life, health and accident insurance company and that there was an insurance policy issued covering Paublo Hinojosa Rivira. There is no question but what each of the parties constituting a partnership, appellee herein, reside and conduct all of its and their profession and work in Hockley County, Texas and that Paublo Hinojosa Rivira was treated and hospitalized in Hockley County, Texas in appellees' hospital. We think it would be a useless thing to require appellee to testify this is a suit upon a contract of insurance. The appellees' petition herein specifically states that it is a suit upon an insurance policy and the petition was introduced in evidence. It was stipulated that appellant was an insurance company and had issued

its bracero policy upon Rivira as beneficiary and we think the trial court could take that as a fact from the pleadings alone because that would not be considered as a fact to be proven as to what kind of a suit it would be but it is a question construing the nature of a suit which we feel the court could determine from the pleadings. So far as the plea of privilege is concerned, we are of the opinion that the letter from appellant to appellees which reads as follows:

"Leonard Hyatt    E. M. Plumly    C. H. Treiber    John Peace
President-Treas.    Vice-President    Secretary    General Counsel

Mercury
Life And Health Company

General Office: Majestic Building
P. O. Box 2409
San Antonio 6, Texas

December 17, 1954

Edgar-Renegar-Campbell Hospital
611 Avenue D
Levelland, Texas

Gentlemen:

I am enclosing draft in the amount of $787.05 covering medical and hospitalization for the following eight bracero employees of Mr. G. H. Hamil:

| Name | Amount |
|---|---|
| Paublo Hinojosa Rivira | $500.00 |
| Pedro Zepeda Munoz | 4.50 |
| Maximino Salas de la Rosa | 5.00 |
| Enrique Martinez Benegas | 5.00 |
| Gilberto Munoz Ramirez | 230.55 |
| Juan Fernandez Reyer | 12.00 |
| Tomas Bermejo Escobedo | 22.00 |
| Homero Limas Luna | 8.00 |

You will note in the case of Paublo Hinojosa Rivira that I have reduced your bill to the maximum payable under the bracero policy to $500. This maximum applies with reference to Section 4 of Mr. Hamil's policy where the accident or sickness originate while the employee is not working.

Thanking you for your services, I am

Yours very truly,
/s/ A. A. Ohlin
A. A. Ohlin

AAO:kn
Encl.

Established 1922   *   *   *   Over 32 Years Of Friendly Service"

together with the other evidence is sufficient proof to justify the trial court in overruling the plea of privilege as it is an acknowledgment of the liability in some manner to appellee under the bracero policy. Appellee sought to hold the case in Hockley County, Texas under Sub-division 28 of Article 1995. It was not necessary to furnish proof prima facie of a cause of action under this sub-division. Darnell v. Southwestern American Ins. Co., Tex.Civ.App., 226 S.W.2d 239.

Judgment of the trial court is affirmed.