**B. J. ATKINS, Appellant,**

v.

**AMERICAN CASUALTY AND LIFE INSURANCE COMPANY, Appellee.**

**No. 16044.**

Court of Civil Appeals of Texas.

Fort Worth.

Nov. 13, 1959.

will pay to the "principal insured" for such losses as provided for in the policy, and further that the principal insured shall be considered the owner of the policy.

Defendant's plea of privilege was sustained.

In order to maintain venue in Tarrant County under exception 28, plaintiff had to establish that he was a policy holder. National Life Co. v. Rice, 140 Tex. 315, 167 S.W.2d 1021; Clark, Venue in Civil Actions, p. 166. The plaintiff failed to establish that he was a policy holder. In fact, the policy itself showed Venus R. Atkins, not plaintiff, to be the holder of the policy in question.

The order of the trial court is affirmed.

Vernon C. Mayfield, Fort Worth, for appellant.

John B. Stigall, Jr., and John F. Maxfield, Dallas, for appellee.

RENFRO, Justice.

The plaintiff, B. J. Atkins, resident of Tarrant County, brought suit in Tarrant County against American Casualty and Life Insurance Company, a life, health and accident insurance company, with residence in Dallas County, for medical, surgical and hospital expenses. The defendant filed a plea of privilege to be sued in Dallas County. The plaintiff's controverting affidavit claimed venue in Tarrant County under exception 28 of Article 1995, Vernon's Ann. Civ.St.

The proof showed that the medical services were rendered plaintiff in Bell County. The policy under which plaintiff claims was introduced in evidence. It shows name of insured to be Venus R. Atkins, and Billy Jack Atkins as dependent insured. The policy further provides that defendant