## GOLDEN WEST LIFE INSURANCE COMPANY, Appellant,

v.

### Mildred VICE, Appellee.

No. 6405.

Court of Civil Appeals of Texas.

Beaumont.

Feb. 9, 1961.

Rehearing Denied March 8, 1961.

W. G. Walley, Beaumont, for appellant.

Stephenson & Stephenson, Orange, for appellee.

HIGHTOWER, Justice.

This is a venue matter. Appellee, individually and as community survivor of the estate of herself and her deceased husband, brought this suit against appellant in Orange County alleging that on November 29, 1958 appellant issued to her husband a policy of life insurance under the terms of which appellant agreed to pay the Allen-Parker Loan Corporation certain indebtedness owing by her husband to said corporation in the event his death occurred prior to the satisfaction of said loan. She alleged the death of her husband in Orange County; that after notice and demand the appellant failed and refused to pay the balance due on said indebtedness to the said loan company, which company has instituted suit against her personally for the balance due on said indebtedness. She sought recovery in herself against the appellant for the balance due under the policy, plus damages, interest and attorneys' fees. Plea of privilege and contraversion thereof were filed by the parties in due time and proper form, and upon a hearing thereof the appellant's plea to be sued in Bexar County, its domicile, was overruled on the basis of Exception 28, Art. 1995, V.A.C.S.

The substance of appellant's argument under its only point is that in order to sustain venue in Orange County the appellee had the burden of establishing that she was, at least in some capacity, the policyholder and that she had some interest therein. B. J. Atkins v. American Cas. & Life Ins. Co., Tex.Civ.App., 329 S.W.2d 346; John Hancock Mutual Life Ins. Co. v. Sally, Tex.Civ.App., 163 S.W.2d 651. We do not agree.

Exception 28, supra, provides " * * * Suits on policies may be brought against any life insurance company * * * in the county where the home office of such company is located, *or in the county where loss has occurred* or where the policyholder or beneficiary instituting such suit resides." Notwithstanding the certificate of insurance introduced by appellee evidenced the Allen-Parker Loan Corporation to be the sole beneficiary of the policy, the suit was clearly one on a policy against a life insurance company with proof of the right of recovery required only on trial of the merits. In such connection we note that

the Sally case, supra, cited by appellant does not concern questions relating to venue and is therefore not in point. Nor does the B. J. Atkins case, supra, militate against the trial court's action. In that case the loss admittedly occurred outside the county of suit. It was stipulated on the hearing that the insured, appellee's husband, died in Orange County subsequent to the issuance of the policy in question, thus the trial court properly sustained venue of the case "in the county where loss has occurred." American Casualty & Life Co. v. Robinson, Tex.Civ.App., 220 S.W.2d 204, 206; Fidelity & Casualty Co. of New York v. Lindsay, Tex.Civ.App., 10 S.W.2d 580.

Judgment affirmed.