AMERICAN SECURITY LIFE INSUR-
ANCE COMPANY, Appellant,

v.

M. D. ANDERSON HOSPITAL AND
TUMOR INSTITUTE, Appellee.

No. 14826.

Court of Civil Appeals of Texas.

Houston.

Sept. 22, 1966.

Rehearing Denied Nov. 3, 1966.

Second Motion for Rehearing Denied
Nov. 17, 1966.

John B. Henderson, Jr., Marshall, Joe Bailey Humphreys, Dallas, John Peace, J. B. Langham, San Antonio, for appellant.

Waggoner Carr, Atty. Gen., Hawthorne Phillips, First Asst. Atty. Gen., T. B. Wright, Executive Asst. Atty. Gen., J. C. Davis, Malcolm L. Quick, Asst. Attys. Gen., Austin, for appellee.

BELL, Chief Justice.

This is an appeal from an order of the trial court overruling appellant's plea of privilege to be sued in Harrison County the location of its home office. Appellee seeks to hold venue in Harris County under Sub-division 28 of Article 1995, Vernon's Ann. Tex.Civ.St. on the theory that the loss under the hospitalization policy, for which suit is brought, occurred in Harris County.

Appellant allegedly issued two policies of insurance to Orson C. Haynes, as the insured, under the terms of which appellant agreed to pay to the insured (or the hospital if authorized by insured to do so) certain enumerated "items of hospital expense actually incurred by the insured. * * *"

By appellee's petition, which was in a proper manner made a part of its controverting affidavit, it is alleged that Mr. Haynes was hospitalized in the M. D. Anderson Hospital from May 29, 1963 to June 11, 1963 and from August 18, 1963 to September 17, 1963. The expenses incurred during the first period are alleged to be $724.75 and for the second period $1,156.10. It is then alleged that the insured had assigned to appellee all benefits due him under the two hospitalization policies. As a part of the controverting affidavit appellee attached copies of the two policies, of the assignment dated May 29, 1963, and the one dated August 18, 1963, a copy of the hospital bills, the one for the May 29 – June 11 period showing expenses incurred of $724.75 and the other for August 18 to September 17, showing expenses incurred of $1,156.10.

On trial business records of the hospital that were introduced showed Policy Number 104229 M–75. Also shown is an assignment to appellee by Mr. Haynes of all benefits due him for hospitalization commencing May 29. There also appear hospital admission sheets showing Mr. Haynes' admission to the hospital on May 29, 1963 and August 18, 1963. On each of these admission sheets is an agreement by Mr. Haynes to pay for the services to be rendered. There also appears a list of expenses incurred for the period of August 18 to September 17.

Nowhere in the statement of facts are we able to find any evidence as to any

length of stay in the hospital after the May 29 admission, nor do we find any list of any expenses in connection with such admission. We also are unable to find in the evidence any assignment of the benefits due the assured for expenses incurred in connection with the hospitalization commencing August 18. Neither does Policy Number 143349–GRB–18 which is one of the policies listed in the list of hospitalization expenses for the August 18 admission appear in the evidence.

While what purport to be copies of both policies, assignments of benefits covering both hospitalization periods, and the list of hospitalization expenses for each period were made a part of the controverting affidavit, as was appellee's petition, the controverting affidavit was not introduced in evidence.

The result of this is that Policy Number 104229 M–75 and the assignment of benefits due Haynes under it for the admission on May 29 are in evidence. Too, while a list of expenses for the August 18 admission is in evidence, there is no assignment by Haynes to appellee of the benefits due under either policy, and since one policy is not in evidence, we do not know its provisions.

We note that the meager facts are due to the fact of deficiencies in the hospital file that the witness brought to court.

Subdivision 28 of Article 1995 under which appellee seeks to hold venue in Harris County reads, insofar as here pertinent, as follows: "Suit *on policies* may be brought * * * in the county where the *loss* has occurred * * *." (Emphasis ours)

The hospital expenses, if any are sufficiently shown to have been incurred as a result of the May 29 admission, were incurred in Harris County where appellee is located. It is appellee's position that this is a loss within the meaning of the portion of Subdivision 28, Article 1995 above quoted. Appellant says there is no loss to Haynes until such time as he

has paid the expense, and there is no loss under the policy so far as appellee is concerned because it is not a party to the policy; so the above venue statute is not applicable under the facts of this case. Appellant says its policy indemnifies against loss. It equates the meaning of the term "loss" as used in the venue statute with the term "loss" as used in indemnity insurance policies.

We are of the view that under the part of the subdivision above quoted the venue facts are that the defendant is an insurance company; that the suit is on the insurance policy; and that the loss covered by the policy occurred in the county where the suit is brought.

It is proven that the two policies of insurance were issued though we have only one in evidence. It is also proven that appellant is an insurance company. We must decide whether the suit is on Policy Number 104229 M–75 and whether a loss occurred in Harris County within the meaning of the above venue statute.

■ We are of the view that this is a suit on the policy. It is true that appellee sets out what is denominated an assignment of benefits that have accrued to the named assured under the policy. If there were not the provisions in the policy, which we will particularly notice, the suit would be on the assignment and not the policy. However, the policy is not as to hospitalization benefits an indemnity one against loss. It contains an express obligation to pay the insured for enumerated hospital expense incurred and expressly provides that such benefits will be paid "the Hospital if authorized by Insured to do so." The assignment by the insured is but his authorization to the insurer to pay the benefits to the hospital. This authorization, provided for in the policy, then gives rise to the obligation on the part of the insurer to pay to the hospital. This obligation is created by the policy for the benefit of appellee hospital. The suit is therefore one on a policy of insurance.

The term "loss" as used in the pertinent clause of Subdivision 28, Article 1995 is not limited in its meaning, as appellant contends, to a situation where the insured pays his medical expenses and then seeks reimbursement from the insurer. What the statute is doing is fixing venue as to various types of risks insured against by the kind of insurance companies specified. Loss as there used means that the event has happened that gives rise to liability assumed under the policy. The county where the event occurred that gives rise to liability is the county where the loss occurred. We think this meaning of loss is sound in reasoning and is supported in principle by the case of Manhattan Life Ins. Co. v. Stubbs, 234 S.W. 1099, 1106–1107 (Tex.Com.App.) and 33 Corpus Juris, Sec. 648, p. 7, 45 C.J.S. Insurance § 981.

The statement of facts shows the admission of Mr. Haynes on May 29, 1963. It does not show how long he was in the hospital. The venue fact, however, is not the amount of the loss but the fact of some loss. Gomillion v. Lingold, 209 S.W. 2d 205 (C.C.A.) n. w. h. The fact of the incurring of hospital expense is, however, established by an admission in appellant's brief in this Court by the statement that Mr. Haynes was admitted to appellee hospital for treatment "from May 29, 1963 to June 11, 1963." We are authorized to accept as true any statement of fact made in appellant's brief that is unchallenged. Rule 419, Texas Rules of Civil Procedure. Such statement is unchallenged. On the admission sheet Mr. Haynes agreed to pay for expenses incurred. We know from the statutes that expenses were incurred. Article 2603e Vernon's Annotated Texas Statutes under which appellee hospital was created in Section 6 states the provisions of Article 3196a Vernon's Annotated Texas Statutes shall apply as to admission of patients. This last mentioned statute deals with admissions of patients to State hospitals. A non-indigent patient, so far as here material, is one who possesses some property out of which the State may be reimbursed. It also provides the State shall have the right to reimbursement. Insurance Policy Number 104229 M–75 is property specifically dedicated to the payment of hospital expenses incurred by Mr. Haynes. The appellee's employees had the statutory duty to charge for services rendered, and we must presume they performed their duty. We judicially know under such facts that there would at least be the expense for room and meals.

As to the claim for expenses incurred for the period of hospitalization from August 18, 1963 to September 17, 1963, we find in evidence a copy of a report on hospital services. It contains a reference to Policy Number 104229 M–75 and also a statement of the expenses incurred. There is also a copy of a claim for expenses covering said period from appellee hospital. These copies were admitted under Article 3737e, Vernon's Annotated Texas Statutes. This evidence, we think, is sufficient to show that as to the second period of hospitalization the suit by appellee is one on the policy. While we do not find an instrument of authorization for appellant to pay appellee, there is nothing in the policy requiring that authorization be in writing. Further, whether authorization was in fact given so that appellee can ultimately recover goes to the merits. It is the claim of the right to recover on the policy that is the venue fact. Golden West Life Insurance Co. v. Vice, 345 S.W.2d 849 (C.C.A.) n. w. h.

Affirmed.

## On Motion for Rehearing

We would only add to our original opinion that we are of the view that whether there is actual liability under the policy sued on is a matter to be determined on the merits. Under Subdivision 28 of Article 1995 it is not necessary to prove prima facie in the venue hearing that there is in fact liability but that the event giving rise to the claim of liability arose in the

county where suit is brought. Darnell v. Southwestern American Insurance Co., 226 S.W.2d 239 (C.C.A.), n. w. h.; Pan American Insurance Co. v. White, 321 S.W.2d 337 (C.C.A.), n. w. h.

Motion for rehearing overruled.