**The HOSPITAL ASSOCIATION OF the SOUTHERN PACIFIC LINES IN TEXAS AND LOUISIANA, Appellant,**

v.

**Dewey L. GIANELLONI, Sr., Appellee.**

No. 6985.

Court of Civil Appeals of Texas.

Beaumont.

Sept. 12, 1968.

Keith, Mehaffy & Weber, Beaumont, for appellant.

Peterson & Neumann, Beaumont, for appellee.

PARKER, Justice.

Plaintiff, Dewey Gianelloni, sued The Hospital Association of the Southern Pacific Lines in Texas and Louisiana, seeking reimbursement for certain emergency medical and hospital expenses incurred by him as a result of being seriously ill and requiring emergency medical treatment in September, 1961. The defendant in the trial court filed a plea of privilege seeking transfer of this case from Jefferson County to Harris County, Texas. Plaintiff seasonably filed his controverting plea, alleging that defendant had an agent or representative in Jefferson County and that plaintiff's cause of action arose in Jefferson County. The parties agreed that while the cause was being tried upon its merits before the jury, the court (without a jury) at the same time could hear and determine the question of venue. The jury returned a verdict favorable to plaintiff upon which judgment was entered. The trial court overruled defendant's plea of privilege in the same proceeding. The parties will be designated as in the trial court.

### VENUE

Defendant has four points of error on the venue ruling. Defendant contends there is no evidence or insufficient evidence to support a finding that at the time suit was instituted defendant had an agent or representative in Jefferson County, Texas; that there was no evidence defendant had an agent or representative in Jefferson County, Texas at the time any cause of action arose in favor of plaintiff against defend-

ant; or that a cause of action arose in favor of plaintiff in Jefferson County, Texas.

It is immaterial whether or not defendant had an agent or representative in Jefferson County and this point of error is not considered.

On September 22, 1961, plaintiff was a resident in Jefferson County, Texas, employed by Southern Pacific Lines and a member of defendant association. On that date, plaintiff, while working in the yard of Southern Pacific Lines in Beaumont, Jefferson County, Texas, became seriously ill and was in need of medical treatment. Due to pain and suffering, he went home. Defendant had three doctors in Beaumont, namely, Dr. Barr, Dr. Blum, and Dr. Rowe. These were defendant's doctors in Beaumont, Jefferson County, Texas, prior to, on and after September 22, 1961. They treated men with the Southern Pacific for the defendant. Plaintiff was in the yard checking cars when pain struck him in the abdomen. He couldn't stand the pain and fell to the ground. He was helped to the yard office around noon of September 21. There, the yard master called the train master's clerk and told him to take the plaintiff home. This was done. Plaintiff went to bed, took aspirins, but continued to feel pain. At 4:00 in the morning, plaintiff told his wife something had to be done. Plaintiff told his wife to call Dr. Barr or Dr. Blum.

Plaintiff's wife testified that on the night of September 21, 1961, her husband was suffering and screaming from pain. She called Dr. Barr and Dr. Blum without being able to contact either over the telephone. She called Dr. Rowe who answered the phone at 6:00 in the morning. Dr. Rowe told her he didn't make house calls but to bring him into the office the next morning. She told Dr. Rowe something had to be done and done now, asking the doctor what to do. Dr. Rowe told her, "Well, call your family doctor." This she did, and plaintiff was taken to Baptist Hospital, where he was met by the family doctor, and sedatives given to him. He was seriously ill, requiring an operation, performed in Baptist Hospital in Beaumont, Texas thereafter.

Dr. Frank R. Denman, assistant to Chief Surgeon Hospital Administrator of defendant in Houston, wrote letters dated January 31, 1962 to Drs. Barr, Blum, and Rowe. According to the letters, defendant had been asked to assume the expenses incurred by plaintiff during the month of September, 1961, while under the care of Dr. George and Dr. Pentecost. In reply to these letters, Dr. Blum stated he had no record or recollection of plaintiff telephoning any message to him on September 21, 1961. Dr. Barr stated that he was at home and available at that hour of the morning, but was not contacted on September 21, 1961. Dr. Rowe stated he was available on such date at 6:00 a. m., but was not contacted. These letters were written by Dr. Denman subsequent to receiving a letter dated December 7, 1961 from the operating surgeon, Dr. Pentecost. In this letter, Dr. Pentecost stated plaintiff was acutely ill and in great pain on September 22, 1961; that he performed an operation after being called in by Dr. George, plaintiff's family physician. Dr. Pentecost did not know if Dr. George was a staff physician of defendant or not, but stated, "I do know that this patient was acutely ill and was admitted to the hospital as an emergency case."

On December 30, 1961, Dr. George wrote Dr. Denman stating the history of plaintiff's admission to the hospital followed by the operation and in the letter stated, "Your staff physicians did not refer this case to me to the best of my knowledge."

■ The plaintiff testified that Drs. Barr, Blum, and Rowe had authority to send any member of the defendant association to the Houston hospital of defendant. The letters from Dr. Denman to Drs. Barr, Blum, and Rowe recognized such doctors were staff physicians of defendant located in Beaumont, Jefferson County, Texas. It is undisputed that Beaumont is on a Southern Pacific line. Plaintiff had a cause of action against defendant. Such cause of

action, or part thereof, arose in Jefferson County, Texas.

Considering only the evidence favorable to the judgment of the trial court, defendant's no-evidence points are overruled. Considering the entire record, the insufficient evidence point is overruled. Subsection 23, Article 1995, Vernon's Ann. Revised Civil Statutes. United Fidelity Life Ins. Co. v. Romike et al., 195 S.W.2d 212 (Tex. Civ.App.1946, no writ history).

## JURY FINDING

The venue question having been disposed of, we consider defendant's Point of Error No. 5:

There is no evidence to support the jury's answer to Special Issue No. 6 that plaintiff made "due effort" to obtain the service of a surgeon of defendant.

The answers of the jury to the special issues numbered as indicated below are as follows:

1. That on or about September 22, 1961, the plaintiff was seriously ill;

2. On or about September 22, 1961, the plaintiff made due effort to obtain the services of a surgeon of the defendant;

3. That on or about September 22, 1961, the plaintiff was unable to obtain the services of a surgeon of the defendant;

4. That on or about September 22, 1961, plaintiff received temporary medical treatment;

5. The duration of such temporary medical treatment was 14 days;

6. The jury did not find that from September 22, 1961 until September 25, 1961 the plaintiff failed to make due effort to obtain the services of the defendant;

7. That plaintiff could not be sent to the Southern Pacific Hospital in Houston (defendant) with safety and comfort prior to September 29, 1961.

At the conclusion of the trial, the parties stipulated as follows:

It is agreed and stipulated by and between the parties that:

### I

In the event the jury answers Special Issues Number 1, 2, 3 and 4, "Yes", plaintiff shall recover $199.00.

### II

In the event plaintiff receives favorable findings on all seven issues, he shall recover $1,030.00.

The foregoing stipulation constitutes a waiver of the correctness of the judgment and defendant's Point of Error No. 5 for the reason plaintiff received favorable findings on all seven issues. The judgment plaintiff recovered from the defendant was for $1,033.00, but such $3.00 discrepancy is of no consequence. Further, there is no complaint made of the $3.00. The evidence as to due effort being made by plaintiff to obtain the services of a surgeon of defendant has been detailed. The jury believed the evidence of plaintiff and his wife. The operation on plaintiff was performed September 29, 1961. From the time plaintiff entered the hospital he was administered hypodermics to relieve his pain. There is evidence that such hypodermics made him drowsy, sleepy and dizzy. The court's charge defined due effort as being that effort which would be exercised by a person of ordinary prudence under the same or similar circumstances. The use of a catheter during his confinement was required. It was a serious operation. Under this evidence, the submission of Special Issue No. 6 was justified. In answering this issue, the jury found that plaintiff used due effort to obtain the services of a surgeon of defendant. Considering the evidence favorable to the jury's answer, defendant's Point of Error No. 5 is overruled.

Affirmed.