**REPUBLIC BANKERS LIFE INSURANCE COMPANY, Appellant,**

v.

**Pat BUNNELL, Independent Executor under the Will and Estate of Patricia M. Bunnell, deceased, Appellee.**

No. 11899.

Court of Civil Appeals of Texas, Austin.

March 22, 1972.

Rehearing Denied April 12, 1972.

Beard & Kultgen, Thomas L. Cook, Waco, for appellant.

Smith, Davis, Rose, Finley & Hofmann, H. R. Wardlaw, III, San Angelo, for appellee.

PHILLIPS, Chief Justice.

This is a venue case. Appellant is a life, health and accident insurance company with its home office in Dallas. Appellee Bunnell has qualified as independent

executor of the estate of Patricia M. Bunnell, deceased. This estate is now being administered in Tom Green County. Appellee is a resident of Tom Green County. The contract of insurance provides that the estate of the insured is the beneficiary.

Vernon's Tex.Rev.Civ.Stat.Ann. art. 1995, Section 28 provides that suits on insurance policies may be brought against any life, health and accident insurance company in the county where the policyholder or beneficiary instituting such suit resides. Appellant contends that an estate is not a legal entity. Camellia Diced Cream Co. v. Chance, 339 S.W.2d 558 (Tex.Civ.App.1960, no writ). Consequently, Appellant argues, the estate can have no residence, and the suit must be removed to Dallas County, the home of the Appellant.

■ We do not agree with this argument. The part of the contract which states, "Any accrued indemnities payable at the Insured's death will be paid to the estate of the Insured," can either be interpreted as being a valid enforceable provision, or as a nullity. Since an estate is not a legal entity, neither capable of bringing suit nor being sued, Camellia, supra, it cannot have a residence. However, Neblett v. Butler, 162 S.W.2d 458 (Tex.Civ.App.1942, writ ref'd w. o. m.) stated "For the sake of convenience and brevity, and to enforce clarity at the expense of accuracy, lawyers sometimes indulge the license of speaking of the estate of a deceased person as though it constituted a legal entity, and possessed rights and owed duties. Actually, of course, upon a man's death his property passes, if he dies testate, to his legatees, subject to administration by his personal representative." In other words, the contract in the case under consideration gave rights and duties to a person or entity other than the estate, which is not an entity and can possess no rights and duties.

■ Since the Appellant drafted the contract, any uncertainties must be construed against it as maker. The provision must be construed as providing that any

accrued indemnities will be paid to the executor or personal representative of the decedent. In White v. Smith, 2 Will.Civ. Cas. § 401 (1884) the Court held that the endowment was to be paid to the executor since it was the property of the decedent as part of his estate: "It was a part of his estate, and upon his death passed, not to his heirs, but to his executor, to be administered in accordance with the testator's will."

Thus, the indemnities accrued and owing the decedent must be paid to the executor who is, therefore, the beneficiary under the policy for venue purposes under subdivision 28 of Article 1995. It was shown that the executor has at all times resided in Tom Green County.

We affirm the judgment of the trial court holding that venue lies in Tom Green County.

Affirmed.