SOUTHWESTERN LIFE INSURANCE COMPANY, Appellant,

v.

Ronald F. SCARBOROUGH, Administrator of the Estate of Frank A. Scarborough, Deceased, Appellee.

No. 7743.

Court of Civil Appeals of Texas, Beaumont.

Nov. 6, 1975.

Dewey Gonsoulin, Beaumont, for appellant.

K. M. Armstrong, Kountze, for appellee.

KEITH, Justice.

This is a venue appeal and we will designate the parties as they appeared in the trial court.

Plaintiff is the administrator of the Estate of Frank A. Scarborough, Deceased, by virtue of his appointment by the Probate Court of Jefferson County. The intestate was a lifetime resident of Jefferson County; he made application to the defendant for the policy now in issue while a resident of such county and it was delivered to him therein. He died in Jefferson County and his estate is in the probate court of that county.

The policy provided that the death benefits would be paid to the beneficiary, designated in this case to be: "To the Executors or Administrators of the Estate of the Proposed Insured."

Plaintiff, a resident of Hardin County, brought suit in his representative capacity in the District Court of Hardin County seeking to recover the death benefits provided in the policy, penalties, and attorney's fees. Defendant filed its plea of privilege to be sued in Dallas County, where it is domiciled. Plaintiff's controverting affidavit invoked only the provisions of Subdiv. 28, Art. 1995, Tex.Rev.Civ.Stat.Ann. (1964).

Under this venue exception, suits may be brought against life insurance companies in the county where "the policyhold-

er *or* beneficiary instituting such suit resides." (emphasis supplied) Under this exception, a plaintiff is not required to prove a cause of action. *Darnell v. Southwestern American Ins. Co.*, 226 S.W.2d 239, 241 (Tex.Civ.App.—Dallas 1949, writ ref'd n. r. e.); *American Sec. Life Ins. Co. v. M. D. Anderson H. & T. Inst.*, 408 S.W.2d 155, 158 (Tex.Civ.App.—Houston 1966, writ dism'd).

The nature of plaintiff's suit was established by his petition which was before the trial court. *Commercial Standard Insurance Company v. Caylor*, 333 S.W.2d 161, 163 (Tex.Civ.App.—Austin 1960, no writ).

■ Moreover, defendant did not deny under oath any of the allegations of plaintiff's petition required to be denied under oath by Tex.R.Civ.P. 93; thus, the trial court properly admitted the policy into evidence.

Upon the hearing, plaintiff proved his residence in the county where the suit was instituted, his appointment as administrator of the insured's estate, and tendered the policy in evidence. Defendant thereupon offered in evidence an instrument bearing the same date as the application for the policy of insurance designated "Assignment of Life Insurance Policy as Collateral" whereby the insured assigned to a third party, inter alia: "The sole right to collect from the Insurer in one sum the total net proceeds of the Policy payable by reason of the death of the Insured or the maturity of the Policy." However, the insured, or assignor, retained the right, inter alia, "to designate and change the beneficiary" named in the policy without prejudice to the rights of the assignee.

Defendant's proof showed that it had no record of any revocation of this assignment; and, we note in passing that the assignee was not a party to this proceeding.

Defendant argues that a beneficiary of a life insurance policy is the person designated by the terms of the contract as the one to receive the proceeds of the insurance, supporting the argument with citation to *Bankers Protective Life Ins. Co. v. Mozingo,*

127 S.W.2d 525 (Tex.Civ.App.—Dallas 1938, no writ). There is language in the cited case supporting defendant's argument; but, the context in which the statement appears does not make it applicable to the case at bar. As made plain by the abbreviated opinion, the holding was to the effect that a beneficiary of a policy was not a party to fraud in the procurement thereof so that her residence—and not that of the insured—determined venue in a suit for cancellation or rescission of the policy.

We now have a statute covering the subject: Tex.Ins.Code Ann. Art. 3.01, § 9 (1963), reading: "The 'beneficiary' is the person to whom a policy of insurance effected is payable." Under the very terms of the *policy* in suit, it was payable to the executors or administrator of the insured; not to the assignee.

■ Moreover, as we have noted, the assignment which defendant offered in evidence recognized the distinction between a beneficiary and an assignee since the insured retained the right to change the *beneficiary* but subject to the rights of the *assignee*. We conclude, therefore, that plaintiff was a "beneficiary" as that term is used in the cited provision of the insurance code and in Subdiv. 28 of the venue statute. *Republic Bankers Life Ins. Co. v. Bunnell*, 478 S.W.2d 800 (Tex.Civ.App.—Austin 1972, no writ).

■■ Defendant's tender of the assignment was, essentially, a defensive plea which may properly be shown only upon the trial on the merits. The sole issue in the plea of privilege hearing is that of venue— not liability upon the merits of the case. *General Motors Acceptance Corporation v. Howard*, 487 S.W.2d 708, 711 (Tex.1972).

Defendant's reliance upon *McAllen State Bank v. Texas Bank & Trust Company*, 433 S.W.2d 167 (Tex.1968), is misplaced. There, at the conclusion of a full trial upon the merits, the Court was considering the rights of a beneficiary and a pledgee to the proceeds of a life insurance policy. We do not

find this case to be either controlling or persuasive.

■ From our review of the policy and the record as a whole, we are of the opinion that plaintiff properly invoked the jurisdiction of the court under the provisions of Subdiv. 28, Art. 1995, of the statutes, and the judgment of the trial court is

Affirmed.