**PAN AMERICAN INSURANCE COMPANY, Appellant,**

v.

**James E. O. WHITE, d/b/a Blue Flame Gas Company, Appellee.**

No. 15456.

Court of Civil Appeals of Texas.

Dallas.

Feb. 6, 1959.

Rehearing Denied March 6, 1959.

Thompson, Coe & Cousins, Dallas, for appellant.

Frank Cusack, Dallas, for appellee.

YOUNG, Justice.

This is a venue case; to the pending suit, Cause No. 33754–G, defendant interposing by plea of privilege a right to be sued in the place of its corporate residence—Harris County.

The controverting affidavit of insured plaintiff claimed applicability of subdivisions 23 and 28, Article 1995, Vernon's Ann.Civ.St.; asserting that this cause of action arises out of a written policy of insurance, No. 6AC 74761, issued to him by defendant under terms of which it was obligated to defend plaintiff in any suit, whether groundless or not, growing out of operation of plaintiff's butane and propane retail gas service; that defendant had refused and neglected to defend cause No. 25949, styled Willie Parnell, et al., v. Blue Flame Gas Company, for damages in the amount of $202,000.00 perforce of alleged negligent operation by plaintiff of his retail gas service; the instant suit being for attorney's fees for $1,000 incurred in defending said suit, as is more fully set forth in original petition incorporated in said controverting affidavit for all purposes. By way of trial amendment plaintiff was permitted to interline in said controverting affidavit the fact of an additional policy No. 6MCL 10361, placing in evidence such policy of insurance. On pretrial of cause No. 25949 plaintiff was dismissed as a party defendant to that suit. Appellant had refused to defend suit on behalf of appellee because, in its opinion, it had no policy of insurance affording coverage to appellee in

event a judgment had been taken against him in said Parnell cause of action as alleged. On hearing, the plea of privilege was overruled with timely appeal by the insurance company.

Policy No. 6AC 74761, above, headed "Combination Automobile", recited as coverages "A—Bodily Injury Liability: to pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury, sickness, or disease, including death at any time resulting therefrom, sustained by any person, caused by accident and arising out of the ownership, maintenance or use of the automobile" "B—Property Damage Liability: to pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of injury to or destruction of property, including the loss of use thereof, caused by accident and arising out of the ownership, maintenance or use of the automobile". And under "conditions" paragraph 25 "purpose of use", Section (c), "use of the automobile for the purpose stated includes the loading or unloading thereof". Attached thereto was Form 77 "Motor Vehicle Endorsement" prescribed by the Texas Railroad Commission providing in part "it is understood that the policy to which this endorsement is attached is to be offered for filing by the above named insured with the Railroad Commission of Texas * * * (b) as a condition precedent to the privilege to operate as a Liquefied Petroleum Gas Licensee within the State of Texas under the authority of a permit or license heretofore issued, or which may hereafter be issued, and in compliance with the provisions of Article 6053, Revised Statutes of Texas and Amendments thereto * * * and this endorsement is attached for the purpose of making the provisions of the policy conform with the requirements of said laws * * * the obligations and promises of this endorsement shall be effective only while the automobile covered by this policy are being operated within the boundaries of the State of Texas * * * this en-

dorsement covers all sums which the insured shall become legally obligated to pay as damages because of bodily injury, sickness or diseases, including death, at any time resulting therefrom, sustained by any person other than the insured or his employees, and injury to or destruction of property, other than the property of the named insured occurring during the term of said policy through such operation of such trucks and trailers within the boundaries of the State of Texas."

Policy No. 6MCL 10361, headed "Manufacturers' and Contractors' Liability" contained bodily injury and property liability provisions similar to A and B of the combination Automobile Policy, but only for "premises operation"; under the latter head reciting "liquefied petroleum gas distribution-including installation, servicing and repair of liquefied petroleum gas systems, piping and customers' equipment with or without filling of containers * * *." No Railroad Commission Endorsement was attached to this policy.

Article 6053, Section 11, first requires a $2,000 surety bond of all licensees, not material here; providing further as follows: "In addition to the bond herein required, such licensee shall be required to procure from some reliable insurance carrier qualified to do business in this state, and keep same in force so long as they shall continue in business, insurance coverage as follows:

"(1) Automobile bodily injury and property damage insurance coverages on each and every motor vehicle, including trailers and semi-trailers, used in the transportation of liquefied petroleum gases, in an amount of not less than Five Thousand ($5,000.00) Dollars for bodily injuries sustained by any one person in any one accident and not less than Ten Thousand ($10,000.00) Dollars for bodily injuries sustained by two or more persons in any one accident, and not less than Five Thousand ($5,000.00) Dollars total property damage for any one accident.

"(2) Manufacturers and Contractors liability policy in an amount of not less than Five Thousand ($5,000.00) Dollars for bodily injuries sustained by any one person in any one accident and not less than Ten Thousand ($10,000.00) Dollars for bodily injuries sustained by two or more persons in any one accident, and not less than Five Thousand ($5,000.00) Dollars total property damage for any one accident.

"(3) Workmen's compensation or employers' liability coverage. As amended Acts 1951, 52nd Leg., p. 612, ch. 363, § 5."

Appellant's single point complains of the Court's error in overruling his plea of privilege, "where appellee, plaintiff in the trial court, wholly failed to establish the existence of any exception to the exclusive venue in the county of one's residence."

The exceptions of Article 1995 V.A.C.S., herein questioned are as follows: (23) "Suits against a private corporation, association, or joint stock company may be brought in the county in which its principal office is situated; or in the county in which the cause of action or part thereof arose; or in the county in which the plaintiff resided at the time cause of action or part thereof arose, provided such corporation, association or company has an agency or representative in such county; * * *". (28) "Insurance.—Suits against fire, marine or inland insurance companies may also be commenced in any county in which the insured property was situated. Suits on policies may be brought against any life insurance company, or accident insurance company, or life and accident, or health and accident, or life, health and accident insurance company, in the county where the home office of such company is located, or in the county where loss has occurred or where the policyholder or beneficiary instituting such suit resides."

Appellee's answering counter points are now quoted: (1) "A suit for attorney's fees against an insurance company for failure to defend an action brought against an insured under its liability policy is a

suit on the policy within the meaning of Section 28 of Article 1995, RCS. and properly brought in the county where plaintiff resides. (2) A suit against an insurance corporation is properly maintainable in any County in which it has an agency or representative under Section 21 (23) of Article 1995 RCS."

 Subdivision 28 relates to suits against designated classes of insurance companies; and it is not necessary for the plaintiff therein to furnish proof prima facie of a cause of action. Under subdivision 23 showing of a cause of action or a part thereof is required. Darnell v. Southwestern American Insurance Company, Tex.Civ.App., 226 S.W.2d 239; in the instant situation the burden being on plaintiff to show that the prior action brought against defendant insured (Blue Flame Gas Company) was one in which a cause of action was pled that came within the coverage of these public liability insurance policies. Relevant allegations of such prior suit are as follows: "That on or about the 8th day of February, 1957, a stove exploded in the trailer house owned by your plaintiff Willie Parnell. That in said trailer house at the time of said explosion was your plaintiff, and his wife, Bonnie, and the minor, Carolyn Sue Pearson, and by reason of the violence of the explosion and the heat generated by the flame, plaintiff Willie Parnell and his wife Bonnie Parnell, and the minor, Carolyn Sue Pearson were severely burned causing serious and permanent injuries as hereinafter set forth * *" "* * * That the defendant Blue Flame Butane Gas Company was negligent in: 1. Failing to odorize the gas in question. 2. Placing gas in a defective butane system. 3. Failing to check the system prior to filling the tank, to such system with butane gas."

 Turning for a moment to appellee's policy No. 6MCL–10361, Manufacturers' and Contractors' Liability, its coverage is limited to "premises operation" of servicing the Blue Flame Butane System. Our Supreme Court in Pan American Insurance Co. v. Cooper, Tex., 300 S.W.2d 651 has recently construed an identical policy; holding that under such limited coverage, liability was conditioned upon an "incompleted operation" of installing, servicing, repairing, and etc., of the butane system there in question; and that liability for an accident involving a "completed operation" required the additional coverage of "products, completed operation" (not present either in the Cooper case or here). We think the above quoted pleading of negligence against appellant insured in the prior suit reflects a comparable situation, identifying those present on exploding of stove and clearly referable to a completed operation insofar as appellee's butane gas service was concerned. Appellee says, in this connection that upon leveling numerous exceptions to this original petition, those petitioners requested a dismissal as to Blue Flame. Obviously, if the elements of an incompleted operation could possibly have been alleged they would have done so. It follows that the original plaintiff Parnell did not state a cause of action incident to appellee's burden of proof; i. e., of facts tending to show that defendant's manufacturer's and contractor's liability policy covered the resulting damage.

 But appellee argues that the Railroad Commission's endorsement 77 attached to the combination automobile policy must necessarily be construed to afford all the coverage that can be purchased under Standard Manufacturer's Liability policy to the statutory limits; that is, inclusive of "products, completed operations". The contention is refuted we think by the language of said automobile insurance policy, the endorsement in question and the Statute, (all above quoted in material part); the law expressly requiring the purchase of three policies of insurance. It may be that the limitations under a Manufacturers' and Contractors' policy to "premises operation" was an inadequate compliance with the Statute. If so such was a matter for the Enforcement Division, Railroad Commis-

sion pursuant to Article 6052a, V.A.C.S.; and as pointed out by the appellant this fact would not warrant the extension of coverage of the statutory automobile policy beyond its lawful intent; and while, relevant to subdivision 23, there may be a prima facie showing of agency in Dallas County;[1] we conclude that the record is lacking in like proof of a cause of action in Dallas County on which appellee's suit for attorney's fees must necessarily depend.

 Furthermore, exception 28, Article 1995 applies to designated classes of insurance companies. In Insured Lloyds v. Classic Motors, Tex.Civ.App., 296 S.W.2d 350 the burden of proof is held to be upon the plaintiff to show by pleading or evidence that the defendant is one of the kind of insurance companies referred to in the particular subdivision.

■ This appellee has failed to do, simply alleging that defendant was an authorized carrier of public liability insurance. Appellant is not a fire, marine or inland insurance company; the other companies mentioned (life insurance, accident, life and accident, health and accident, life, health and accident) being manifestly referable to Chapter 3, Art. 3.01 et seq., Insurance Code. It is not shown that these enumerated companies are authorized to issue the kind of policies in suit; that is involving public liability and property damage, such as are contemplated by Art. 6053, V.A.C.S.

■ "Exceptions to the venue statute must be strictly construed and clearly established before a citizen can be deprived of his right under the statutes (Art. 1995) to be sued in the county of his domicile." National Life Co. v. Rice, 140 Tex. 315, 167 S.W.2d 1021, 1022. (Syl 4.)

1. The Dallas Classified Telephone Directory for November 1957 had the following listing: "Pan American Insurance Company, 10203 Lake Gardens, DA–1–0473" Appellee White testifying to direct instructions from the company that

■ The order overruling appellant's plea of privilege must be reversed and judgment here rendered that the cause be transferred to a District Court of Harris County, Texas as provided in Rule 89, Texas Rules of Civil Procedure.

Reversed and remanded with instructions.

he submit policy claims to one Parker of Parker Claims Service, Dallas, who represented them in Dallas County; service of citation herein being made on John T. Parker, Adjuster.