Juan H. CASARES, Appellant,

v.

**PIONEER CASUALTY COMPANY,**
Appellee.

No. 7242.

Court of Civil Appeals of Texas.

Amarillo.

March 25, 1963.

Boling & Griffith, Lubbock, for appellant.

Crenshaw, Dupree & Milam, Lubbock, for appellee.

NORTHCUTT, Justice.

This is a venue suit. Appellee, Pioneer Casualty Company, issued a Texas Standard Automobile insurance policy to Virgil Haney on July 11, 1960. On July 25, 1960, Haney's automobile was being driven and occupied solely by Richard Driggs and was involved in a collision with the automobile of Juan Casares, appellant herein. To recover damages to his automobile caused by said collision, Casares filed suit in Cause No. 10228 in the County Court at Law No. 1 of Lubbock County, Texas against Richard Driggs and Virgil Haney. Judgment was rendered in Cause No. 10228 in favor of Casares as against Driggs in the sum of $501.80 but rendered judgment for Virgil Haney that Casares take nothing and that Haney go hence with this cost. There is nothing herein to show any appeal was taken from that judgment. Since appellant introduced that judgment in evidence herein, we must presume it was a final judgment.

Casares brought this suit against Pioneer Casualty Company to recover the damages granted against Driggs in Cause No. 10228 contending the policy mentioned above included the promise to pay on behalf of the insured, Virgil Haney, or any person using or having custody of such motor vehicle with the permission of the said Virgil Haney, all sums which such person shall become legally obligated to pay as damages. The Pioneer Casualty Company filed a plea of privilege asking that the case be transferred to Bexar County, the place of its residence. Casares filed his controverting plea. The trial court sustained the plea of privilege and ordered the case transferred to Bexar County. From that judgment Casares perfected this appeal. For convenience, Casares will hereafter be referred to as appellant and Pioneer Casualty Company as appellee.

The appellant presents this appeal upon four points of error contending the court erred in holding that an accident insurance company could not be sued on its policy in the county of residence of the beneficiary or named insured; in holding that a fire, marine, or inland insurance company could not be sued in the county in which the insured property was situated; in holding that appellee, a private corporation, could not be sued in the county in which it had an agency or representative; and in holding that appellee, a private corporation, could not be sued in the county in which the cause of action or a part thereof arose.

Under this record we cannot say that the trial court held that an accident insurance company could not be sued on its policy in the county of the residence of the beneficiary or the named insured; nor that the court held a fire, marine, or inland insurance company could not be sued in the county in which the insured property was situated; nor that appellee could not be sued in the county in which it had an agency or representative; nor that appellee could not be sued in the county in which the cause of action or a part thereof arose. All the court said was that the court con-

sidering the plea and controverting affidavit, arguments together with the evidence, the court was of the opinion that the plea of privilege should be sustained. There are no findings of fact or conclusions of law.

■ It is so well established as the law of this state that a defendant in a case has the right to be sued in the county of his domicile unless one of the exceptions of Article 1995 Vernon's Ann.Texas Rev.Civ.St. applies that it is unnecessary to cite any authorities. Since appellant seeks to hold venue in Lubbock County under Sections 28 and 23 of Article 1995, he must show the application of the section relied upon. It is stated in Goodrich v. Superior Oil Co., 150 Tex. 159, 237 S.W.2d 969 as follows:

"The general rule of venue is, of course, that a defendant shall be sued in his own county, and however many and important are the exceptions contained in the statute, an equal doubt between the exception and the rule is to be resolved in favor of the rule. Stated differently, the application of the exception must clearly appear. Burtis v. Butler Bros., [148] Tex.Sup. [543], 226 S.W.2d 825, and cases cited at page 828. This principle has not been altered by Rule 47 or others of our Texas Rules of Civil Procedure. See Rule 816, which expressly refers to their effect on venue."

See also Meredith v. McClendon, 130 Tex. 527, 111 S.W.2d 1062.

In order for appellant to hold venue in Lubbock County under Section 28 of Article 1995 it was incumbent upon him to show that appellee was one of the kind of insurance companies referred to in Section 28. We are unable to see where appellant here has complied with that requirement. It is stated in the case of Pan American Insurance Company v. White, Tex.Civ.App., 321 S.W.2d 337 as follows:

"Furthermore, exception 28, Article 1995 applies to designated classes of insurance companies. In Insured

Lloyds v. Classic Motors, Tex.Civ. App., 296 S.W.2d 350 the burden of proof is held to be upon the plaintiff to show by pleading or evidence that the defendant is one of the kind of insurance companies referred to in the particular subdivision."

Appellant did not prove the necessary venue facts to hold venue in Lubbock County over the appellee's plea of privilege. It is stated in National Life Co. v. Rice, 140 Tex. 315, 167 S.W.2d 1021 what things must be proven as follows:

"Venue facts are what must be proved to make applicable some exception to Art. 1995. They are defined and can be found only in the subdivision of that article which declares the exception. Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91. By reference to applicable provisions of subdivision 28, as we have quoted them, it is clear that the venue facts Thomason was bound to establish in the hearing on the plea of privilege are: (1) that he was a policyholder; (2) that he resided in McLennan County; (3) that the relator was a life insurance company; and (4) that he was suing on an insurance policy. If they were not proved, the suit must be transferred to the county named in the plea of privilege."

The appellant here was not a policyholder and neither was the policy here in question a fire nor a life policy.

■ There is nothing in this record to show that the appellee is an insurance company as set out in Section 28 of Article 1995. The policy here in controversy was an indemnity policy and not a fire nor a life policy as set out in Section 28. Consequently, this action is not within the contemplation of Section 28 of Article 1995. American Fidelity & Casualty Co. v. Jones Transfer & Storage Co., Tex.Civ.App., 46 S.W. 2d 1054.

■ Under Section 23 of Article 1995 in order for plaintiff to hold venue in a county other than the county of defendant's domicile where defendant has filed a plea of privilege to have the case transferred to the county of its domicile the plaintiff must show the cause of action or a part thereof arose in the county where the suit was filed. Farmers' Seed & Gin Co. v. Brooks, 125 Tex. 234, 81 S.W.2d 675; Pan American Insurance Company v. White, Tex.Civ. App., 321 S.W.2d 337.

The policy provided as to property damage that appellee would pay on behalf of the insured, Virgil Haney, all sums which the insured became legally obligated to pay as damages because of injury to or destruction of property. The policy would not apply unless the insured or his spouse was driving the car or someone driving the car with their consent. Before appellee would be liable to the appellant the appellant would have to first show that Virgil Haney was liable for the damages or that Driggs was authorized by Haney to drive the automobile. Appellant introduced in evidence a copy of the judgment in Cause No. 10228 styled Juan H. Casares v. Richard Driggs and Virgil Haney in which he sought judgment for damages to his car which he now seeks in this suit to recover against the appellee. Appellant in that case recovered judgment against Richard Driggs but it was decreed that this appellant, Juan Casares, take nothing by his suit as to Virgil Haney and that Haney go hence with his cost. The automobile insured in the policy here in question was owned by Haney but was driven by Driggs. There is no proof that Driggs was driving the pickup with Haney's consent. Without some proof that the cause of action, or a part thereof, as against Haney by giving his permission to Driggs to drive the automobile in question, arose in Lubbock County, there would be no proof to sustain venue in Lubbock County without something to connect Haney with the accident.

Judgment of the trial court is affirmed.