**SOUTHERN FARM BUREAU CASUALTY INSURANCE COMPANY, Appellant,**

v.

**Sam POWELL et al., Appellees.**

**No. 274.**

Court of Civil Appeals of Texas.

Corpus Christi.

April 6, 1967.

Rehearing Denied April 27, 1967.

Ben A. Donnell of Keys, Russell, Watson & Seaman, Corpus Christi, for appellant.

Larkin T. Thedford, Edna, for appellees.

## OPINION

SHARPE, Justice.

This appeal is from an order of the district court of Jackson County, Texas, overruling appellant's plea of privilege to be sued in McLennan County, Texas. Appellees' controverting affidavit relied upon subdivisions 23 and 28, Art. 1995, Vernon's Ann.Civ.St., to sustain venue in Jackson County.

By nine points of error appellant contends that appellees failed to sustain their burden under either subdivision. Points 1–4 are applicable to subdivision 23 and points 5–9 to subdivision 28.

Appellees' pleaded cause of action was that they had recovered judgment for damages in a prior Jackson County district court suit against Pete Soto, one of two defendants therein, in the amount of $5,200.00 based upon an automobile accident; that the other defendant was Jarrell Brown to whom appellant Insurance Company had issued a policy of liability and property damage insurance covering operation of his automobile; that the car driven by Soto was owned by Brown and was being driven with his consent; that Soto therefore was an insured under the policy; and that appellant was thus liable to appellees for the amount of the prior judgment.

The only evidence offered by appellees in addition to a certified copy of the judgment in the prior suit was the testimony of Mr. Sam DeMent, which in substance was as follows: He was the service agent for appellant with an office in Edna, Jackson County, Texas, and was such on May 30, 1965; that appellant Insurance Company is in the business of writing various kinds of Insurance, including automobile, farm liability, comprehensive personal liability, owners, landlords and tenants policies, general liability, mercantile, livestock, and crop hail insurance; that his company carried a policy of Insurance on Mr. Brown in Jackson County, Texas; that his company was involved in the prior case, being Cause No. 5082, styled Powell v. Brown and Soto, in connection with furnishing a defense to Brown.

Although appellees proved their judgment against Soto and that appellant had an agent in Jackson County, Texas, they failed to prove other essential elements of subdivisions 23 and 28, Art. 1995, V.A.C.S., which would make out a case for venue purposes under either of them. See Casares v. Pioneer Casualty Company, 366 S.W.2d 652 (Tex.Civ.App., Amarillo, 1963, n. w. h.), which is closely in point.

The provisions of subdivision 23, Article 1995, V.A.C.S., pertinent here are as follows:

"Suits against a private corporation, association, or joint stock company may be brought in a county in which its principal office is situated; or in the county in which the cause of action or part thereof arose; or in the county in which the plaintiff resided at the time the

**772**

cause of action or part thereof arose, provided such corporation, association or company has an agency or representative in such county; * * *"

Appellees did not offer evidence that Soto was a permissive user of Brown's automobile and, therefore, did not prove facts showing that they had a cause of action against appellant, a part of which arose in Jackson County. Casares v. Pioneer Casualty Company, supra; Furr's, Inc. v. Behringer, 340 S.W.2d 125 (Tex.Civ.App., Eastland, 1960, n. w. h.); R. B. Smith, Inc. v. W. E. Merritt & Sons, 277 S.W.2d 801 (Tex.Civ.App., Beaumont, 1955, n. w. h.). Appellees did not attempt to prove that the principal office of appellant corporation was in Jackson County, Texas. Neither was there evidence as to the county in which the automobile accident occurred or of appellees' residence at that time. Appellees' petition alleged that the accident took place in Victoria County, Texas, which would negative venue in Jackson County. Appellees' introduction of their petition into evidence is not sufficient without proof of its allegations to establish the essential venue facts in this case. Appellees failed to sustain venue in Jackson County under subdivision 23, Art. 1995, V.A.C.S. Appellant's points 1–4 are sustained.

Subdivision 28 of Article 1995, V.A.C.S. provides as follows:

"Suits against fire, marine or inland insurance companies may also be commenced in any county in which the insured property was situated. Suits on policies may be brought against any life insurance company, or accident insurance company, or life and accident, or health and accident, or life, health and accident insurance company, in the county where the home office of such company is located, or in the county where loss has occurred or where the policyholder or beneficiary instituting such suit resides."

There is no evidence in this case that appellant is the kind of insurance company included in that subdivision of the Statute.

Casares v. Pioneer Casualty Co., supra; Insured Lloyds v. Classic Motors, 296 S.W.2d 350 (Tex.Civ.App., Austin, 1956, n. w. h.); American Fidelity & Casualty Co. v. Jones Transfer & Storage Co., 46 S.W.2d 1054 (Tex.Civ.App., San Antonio, 1932, wr. dism.). In addition, there was a failure of proof that appellees were policy holders or beneficiaries. Jones v. Citizens Casualty Company, 366 S.W.2d 265 (Tex. Civ.App., Ft. Worth, 1963, n. w. h.); Casares v. Pioneer Casualty Co., supra. Nor was there evidence of loss in Jackson County or as to the residence of appellees. Venue was not sustained in Jackson County under subdivision 28, Art. 1995, V.A.C.S. Appellant's points 5–9 are sustained.

For the reasons stated, the judgment below is reversed and here rendered for appellant that this cause be transferred to McLennan County, Texas.

Reversed and rendered.