**GREAT SOUTHWEST LIFE INSURANCE COMPANY, Appellant,**

v.

**Joe CAMP, Appellee.**

**No. 17179.**

Court of Civil Appeals of Texas, Fort Worth.

Feb. 26, 1971.

Rehearing Denied March 26, 1971.

Lyne, Klein & French, and Erich, F. Klein, Jr., Dallas, for appellant.

Downman, Jones & Schechter, and Arthur L. Schechter, Houston, for appellee.

## OPINION

BREWSTER, Justice.

This is an appeal from an order overruling the defendant insurance company's plea of privilege that sought to have the case transferred from Tarrant to Dallas

County. The company alleged that it was a resident of Dallas County.

The petition reveals that plaintiff brought this suit to recover from defendant on a policy of insurance alleged to have been issued by defendant to plaintiff and which policy was alleged to provide that in the event plaintiff sustained incapacity to perform his labors as a working man the defendant would pay him benefits of $200.-00 per month for the rest of his life, such benefits to commence at the time plaintiff became totally disabled. It was alleged that by reason of injury plaintiff has become totally disabled and that under the terms of the policy defendant owes plaintiff $200.00 a month from the time of such injury and disability. The suit was to recover such benefits.

After defendant filed its plea of privilege, the plaintiff filed a controverting plea which, with its caption omitted and the signature and jurat omitted, is here copied verbatim as follows:

"Plaintiff denies and/or avers to be untrue and false, the following allegation of defendant contained in such plea of privilege:

" 'No exception to exclusive venue in the county of one's residence, provided by law, exists in said cause.'

Plaintiff would show that in truth and in fact Subdivision 28 of Article 1995, Civil Statutes of Texas, specifically provides that 'suits on policies may be brought against any life insurance company, or accident insurance company or life and accident or health and accident or life, health and accident insurance company—in the county where loss has occurred or where the policy holder or beneficiary instituting such suit resides'.

"There is no question but that plaintiff herein, the policy holder, resides in Tarrant County, where this suit is filed and as this is a suit on a life, health and accident insurance policy, this Honorable Court has

specific jurisdiction as provided in Subdivision 28 of Article 1995, supra.

"WHEREFORE, plaintiff prays * *."

After the venue hearing the trial judge overruled defendant's plea of privilege.

Plaintiff's contention was that he was entitled to maintain venue of this case in the county of suit under Subd. 28 of Art. 1995, V.A.T.S., which provides: " * * * Suits on policies may be brought against any life insurance company, or accident insurance company, or life and accident, or health and accident, or life, health and accident insurance company, in the county where the home office of such company is located, or in the county where loss has occurred or where the policyholder or beneficiary instituting such suit resides."

■ The general rule is that when defendant files a plea of privilege, the burden is placed on the plaintiff to plead and to prove that the case comes within one of the exceptions to the general venue statute. Article 1995, V.A.T.S., Collins v. F. M. Equipment Company, 162 Tex. 423, 347 S.W.2d 575 (Tex.Sup., 1961).

■ The essential venue facts that must have been pleaded and proved by plaintiff to keep venue in the trial court under Subd. 28 of Art. 1995, V.A.T.S., are set out in the opinion in National Life Co. v. Rice, 140 Tex. 315, 167 S.W.2d 1021 (Tex.Com. App., 1943) at page 1024 as follows: "Venue facts are what must be proved to make applicable some exception to Art. 1995. They are defined and can be found only in the subdivision of that article which declares the exception. Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91. By reference to applicable provisions of subdivision 28, as we have quoted them, it is clear that the venue facts Thomason was bound to establish in the hearing on the plea of privilege are: (1) that he was a policyholder; (2) that he resided in McLennan County; (3) that relator was a life insurance company; and (4) that he was suing on an

insurance policy. If they were not proved, the suit must be transferred to the county named in the plea of privilege."

That case held that element (4), the character of the suit, would be disclosed by and determined from the petition itself.

The defendant's first four points contend that the plaintiff's venue pleading (the controverting plea) was so deficient that venue cannot properly be kept in Tarrant County because of such defects, and that the case should be reversed because of such defective pleading.

■ There is no question but what the controverting plea was defective in that it failed to allege all the essential venue facts applicable under Subd. 28, Art. 1995, V.A.T.S., as referred to above.

It has become almost standard practice in Texas for attorneys to adopt the allegations of the plaintiff's petition as a part of the controverting plea and to allege therein that the facts set out in such petition are true and correct. Many books suggest this practice. It does many times result in supplying in such controverting plea essential allegations that might otherwise be overlooked and omitted. For some reason plaintiff did not see fit to follow this practice in the instant case, as his plea did not adopt as a part thereof the plaintiff's petition. See on this McDonald's Texas Civil Practice, Vol. 1, 1965, Sec. 4.49.

However, we need not devote much space here to a discussion of the pleading feature of the case. The defendant did not prior to rendition of judgment in this case take any special exception whatever to the plaintiff's controverting plea. We are convinced that the plaintiff's controverting plea, even though it is quite defective, is sufficient under the record made in this case, and that we cannot reverse this case because of such defects.

Rule 90, Texas Rules of Civil Procedure, provides: " * * * Every defect, omission or fault in a pleading either of form or of substance, which is not specifically pointed out by motion or exception in writing and brought to the attention of the Judge in the trial court * * * in a non-jury case, before the rendition of judgment, shall be deemed to have been waived by the party seeking reversal on such account; * * *."

Rule 91 requires the complaining party to point out with particularity the particular defect or insufficiency claimed to exist in the pleading in question.

We hold that the defendant in this case waived all complaints he might have as to any defects or omissions, either of form or substance, in plaintiff's controverting plea by failing to point them out to the trial court in the manner provided for in Rule 90, T.R.C.P. Jones v. Traders & General Ins. Co., 188 S.W.2d 739 (Eastland Tex.Civ. App., 1945, no writ hist.); Wilson v. Inness, 336 S.W.2d 437 (Texarkana Tex.Civ. App., 1960, no writ hist.) (defects in controverting affidavit); and Weisenberger v. Lone Star Gas Co., 257 S.W.2d 331 (Fort Worth Tex.Civ.App., 1953, writ dism.).

By its sixth and last point defendant contends that the trial court erred in overruling his plea of privilege because the plaintiff failed completely to offer any evidence to prove that the defendant was one of the types of insurance companies referred to in Subd. 28, Art. 1995, V.A.T.S. The definitions of most of such companies are set out in Art. 3.01, Insurance Code, V.A.T.S.

We sustain this point.

■ Rule 90, T.R.C.P., providing for a waiver of defects in a pleading if not properly pointed out to the trial court does not dispense with the necessity of proving each of the essential venue facts at the venue hearing. Gottschalk v. Gottschalk, 212 S.W.2d 223 (Austin Tex.Civ.App., 1948, no writ hist.).

■ At the venue hearing the plaintiff offered no evidence whatever to establish that the defendant was one of the types

of insurance companies named in Subd. 28, Art. 1995, V.A.T.S. We also hold that the evidence offered on that issue by plaintiff was insufficient to raise such issue. This was an essential venue fact and, to keep venue of the case in Tarrant County, it was incumbent on the plaintiff to offer sufficient evidence at the hearing to raise such issue. Because he did not meet this burden, the trial court's judgment must be reversed. Mason v. All State Insurance Company, 440 S.W.2d 404 (Beaumont Tex.Civ.App., 1969, no writ hist.); Southern Farm Bureau Casualty Ins. Co. v. Powell, 414 S.W.2d 770 (Corpus Christi Tex.Civ.App., 1967, no writ hist.); Casares v. Pioneer Casualty Company, 366 S.W.2d 652 (Amarillo Tex. Civ.App., 1963, no writ hist.); and National Life Co. v. Rice, supra.

The policy of insurance sued on was introduced into evidence by plaintiff, but for some reason plaintiff's counsel did not see fit to insist that such policy be included in the statement of facts so the members of this Court could see it.

It is apparent to us that counsel for plaintiff did not have in hand for use as a guide to go by in pleading or proving the venue feature of this case the Supreme Court's opinion in National Life Co. v. Rice, supra. A reading of this record leads us to the belief that plaintiff could probably have easily furnished all the proof required by that case in order to keep venue of plaintiff's case in the county of suit. There is no question but what the pleading feature of the case could be remedied by amendment.

The following is from 60 Tex.Jur.2d 173, "VENUE", Sec. 248: "And if the judgment is reversed and it appears that on a retrial it can be shown that the venue was properly laid, a transfer will not be ordered but the cause will be remanded to the trial court for the curing of mere defects in pleading or proof." A large group of cases are there cited in support of this proposition.

We are convinced that the ends of justice will be better served in this case, in so far as the plaintiff is personally concerned, if we remand this case for a retrial of the venue question.

The judgment is reversed and this case is remanded to the trial court for a new trial of the venue question. All costs of this appeal are taxed against the plaintiff.