**EMPLOYERS NATIONAL INSURANCE COMPANY, Appellant,**

v.

**Duane E. HARKNESS, Appellee.**

**No. 6315.**

Court of Civil Appeals of Texas, El Paso.

July 11, 1973.

Rehearing Denied Aug. 1, 1973.

Shafer, Gilliland, Davis, Bunton & McCollum, Lucius D. Bunton, James M. O'Leary, Odessa, for appellant.

Warren Burnett, Associated, Richard J. Clarkson, Odessa, for appellee.

OPINION

PRESLAR, Justice.

This is a venue matter in which the plea of privilege of the defendant-appellant was

overruled. We are of the opinion that the cause should be reversed.

■ This is a suit to collect a prior judgment against one Honea for injuries to appellee's wife and daughter arising out of an automobile collision. Basis of the suit is that appellant, Employers National Insurance Company, had issued a policy of insurance to Lasiter Construction Company which covered Honea. Appellee relied on Subdivisions 5 and 28 of Art. 1995, Vernon's Ann.Tex.Civ.St., to maintain venue in Ector County where this suit was brought. Subdivision 5 of such Article provides:

"5. Contract in writing.—If a person has contracted in writing to perform an obligation in a particular county, expressly naming such county, or a definite place therein, by such writing, suit upon or by reason of such obligation may be brought against him, either in such county or where the defendant has his domicile."

The "contract in writing" relied on by appellee is a provision of the policy of insurance which obligates the Company to:

"Pay all expenses incurred by the company, all costs taxed against the insured in any suit and all interest accruing after entry of judgment until the company has paid or tendered or deposited in Court such part of such judgment as does not exceed the limit of the company's liability thereon."

Comparing the language of Subdivision 5 with that of the policy, we see no way this provision could be applied under the facts of this case to meet the requirements of Subdivision 5.

■ Lasiter was the named insured and in the first suit he was a defendant as the employer of Honea, but he was dismissed in a summary judgment proceeding, and the trial proceeded to judgment against only Honea. The present suit was brought several years later to collect that judgment on the basis that Honea was an insured because of a provision of the policy issued to Lasiter covering one using the insured's automobile with permission. Our construction of the policy is that it does not obligate the insurer to pay this judgment into Court. The appellant insurer has contracted to pay on behalf of the insured all sums which the insured has become legally obligated to pay as damages, but it has not contracted to pay such sum into Court. The provision is that it will pay interest accruing after judgment until such time as it pays or tenders payment into Court. There can be no contention that the insurance company is obligated at this point to pay anything into Court for this plaintiff. Its contract is with the insured to the effect that if we do not meet our obligation promptly after judgment by either payment, tender, or deposit in Court, we will pay interest also. It has not contracted to pay into any Court, and certainly no particular Court in a named County. Even if the policy were construed to require such payment, the fact that it does not "expressly" name the County of performance or a definite place therein is fatal to maintaining venue in the County of suit. Appellee relies on the case of Traders & General Ins. Co. v. Williams, 166 S.W.2d 158 (Tex.Civ.App.—Beaumont 1942, ref'd w. o. m.), a case very similar to the one before us. There, the Court noted that the obligation to perform in Polk County did not name such County, but concluded that from the very nature of its obligation Polk County must be read into the insurance company's obligation to perform, and accordingly held the obligation of the policy fell within Subdivision 5 of Article 1995, supra. We are unable to agree with this holding as controlling law. Our research has not found a single instance when it has been followed, and it is directly in conflict with the wording of Subdivision 5 as to "expressly naming such county, or a definite place therein, by such writ-

ing." It also directly conflicts with the numerous cases which hold that venue cannot be fixed by implication where the contract does not expressly name the County of performance. In Saigh v. Monteith, 147 Tex. 341, 215 S.W.2d 610 (1948), the Supreme Court considered the effect of the 1935 amendment of Subdivision 5 and held:

"The intention of the Legislature in adding this amendment is obvious. Under Subsection 5 as it stood at the time of the amendment one might become a party to a contract which by implication obligated him to perform in a particular county, although the contract did not expressly name the county of performance and obligate the defendant to perform therein. By amendment the language of the subdivision was made so plain as to admit of no construction that would fix venue by implication."

See, also, Rorschach v. Pitts, 151 Tex. 215, 248 S.W.2d 120 (1952); Burtis v. Butler Bros., 148 Tex. 543, 226 S.W.2d 825 (1950); Martin v. Allen, 494 S.W.2d 585 (Tex.Civ.App.—San Antonio 1973, n. w. h.).

There is a line of cases which hold that venue cannot be sustained under this subdivision where the original obligation was to perform in the County of suit, and that obligation has been reduced to judgment and the pending suit is to collect that judgment or take some action under it. McDonald, Texas Civil Practice, Vol. 1, Venue, Sec. 4.11.3, p. 449. In Lichtenstein v. The F & M National Bank of Kaufman, Texas, 372 S.W.2d 716 (Tex.Civ.App.—Dallas 1963, n. w. h.), the Court said:

"The promissory notes as written obligations lost their identity when they were reduced to judgment. A new and distinct obligation came into existence, namely the judgment. By the terms of the judgment no particular venue was

fixed. Therefore Subdivision 5 is not applicable." (Citing authorities)

We are of the opinion that venue cannot be sustained under Subdivision 5 for the reasons that it does not require payment into Court, but assuming it does, it does not name the place of payment, and for the further reason that any such assumed requirement is no longer available to fix venue, it having been supplanted by the judgment.

██ ██ Subdivision 28 of Art. 1995, supra, was also relied on to maintain venue in the County of suit. It provides:

"28. Insurance.—Suits against fire, marine or inland insurance companies may also be commenced in any county in which the insured property was situated. Suits on policies may be brought against any life insurance company, or accident insurance company, or life and accident, or health and accident, or life, health and accident insurance company, in the county where the home office of such company is located, or in the county where loss has occurred or where the policyholder or beneficiary instituting such suit resides."

We are of the opinion that venue cannot be maintained under this Subdivision. The general rule is that the plaintiff had the burden to plead and prove that the case comes within one of the exceptions. Collins v. F. M. Equipment Company, 162 Tex. 423, 347 S.W.2d 575 (1961). And, as to this Subdivision, plaintiff-appellee had the burden to allege and prove that the defendant-appellant is one of the kind of insurance companies referred to therein. Great Southwest Life Insurance Company v. Camp, 464 S.W.2d 702 (Tex.Civ.App.— Fort Worth 1971, n. w. h.); Mason v. Allstate Insurance Company, 440 S.W.2d 404 (Tex.Civ.App.—Beaumont 1969, n. w. h.); Southern Farm Bureau Casualty Insurance Company v. Powell, 414 S.W.2d 770 (Tex.

Civ.App.—Corpus Christi 1967, n. w. h.); Casares v. Pioneer Casualty Company, 366 S.W.2d 652 (Tex.Civ.App.—Amarillo 1963, n. w. h.). And by those authorities, the failure to meet that burden requires that the case be reversed. Plaintiff-appellee attempted proof by questioning the attorney for defendant-appellant, but the answers he received were contra to his cause. We hold that the evidence failed to establish that the defendant-appellant was one of the types of insurance companies named in Subdivision 28, and that such evidence was insufficient to raise such issue.

For the reasons stated, the judgment is reversed and here rendered that this cause be transferred to Dallas County, Texas.