EAGLE LIFE INSURANCE COMPANY, Appellant,

v.

Geraldine A. SPENCER, Appellee.

No. 1560.

Court of Civil Appeals of Texas, Corpus Christi.

Nov. 29, 1979.

**590**

Charles M. Jefferson, Davis, Smith & Davis, San Antonio, for appellant.

Thomas D. McDowell, Howard & McDowell, Corpus Christi, for appellee.

## OPINION

NYE, Chief Justice.

This is a plea of privilege case. Geraldine A. Spencer filed suit in Nueces County, the county of her residence, against Eagle Life Insurance Company (Eagle Life) to recover the proceeds of a credit life insurance policy which insured the life of her deceased husband. Eagle Life filed a plea of privilege to be sued in Bexar County, the county of its corporate residence. Plaintiff filed a controverting plea, alleging that venue was properly maintainable in Nueces County pursuant to Subdivisions 23 and 28 of Article 1995, Tex.Rev.Civ.Stat.Ann. (1964). After a hearing, the trial judge entered an order overruling the plea of privilege. Eagle Life appeals.

The sole point of error on Appeal[1] relates to the applicability of Subdivision 28 which provides, in relevant part, as follows:

> "Suits on policies may be brought against any life insurance company, or accident insurance company, or life and accident, or health and accident, or life, health and accident insurance company . . . in the county . . . where the policyholder or beneficiary instituting such case resides."

In order to sustain venue in the county of suit under the above provisions of Subsection 28, it was incumbent upon the plaintiff to plead and prove: 1) that she is a policyholder; 2) that she resides in Nueces Coun-

---

1. Although two of the three points of error contained in Eagle Life's appellate brief concern the applicability of Subdivision 23, the record shows that the plaintiff had abandoned this Subdivision during the venue hearing. During oral arguments before this Court, the attorney for Eagle Life admitted Subdivision 23 had been waived and did not explain why his first two points of error concerned Subdivision 23. He urged us to consider only the remaining point of error concerning the applicability of Subdivision 28.

ty; 3) that she is suing on an insurance policy; and 4) that the defendant (Eagle Life) is an insurance company within one of the classifications mentioned in Subdivision 28. *National Life Ins. Co. v. Rice,* 140 Tex. 315, 167 S.W.2d 1021, 1024 (1943); *Southern Farm Bureau Casualty Insurance Co. v. Powell,* 414 S.W.2d 770 (Tex.Civ.App.—Corpus Christi 1967, no writ). See *Collins v. F. M. Equipment Co.,* 162 Tex. 343, 347 S.W.2d 575, 577 (1961).

The record shows, and Eagle Life conceded during oral argument, that plaintiff properly pled and proved the first three Subdivision 28 venue facts mentioned above.

Eagle Life contends, in a very narrow point of error, that the trial court erred in overruling its plea of privilege because plaintiff did not sufficiently plead that Eagle Life was that type of insurance company within the meaning of Subdivision 28 so as to admit evidence of this venue fact into the record. The plaintiff answers this argument contending that her original petition was sufficient when taken as a whole, absent the filing of an exception by the defendant insurance company. Although plaintiff did not use the magic words that Eagle Life was that type of insurance company specifically named in Subdivision 28 of the venue statute, there can be no doubt that Eagle Life is that type of company because the general allegations so state and a copy of the insurance policy in question was attached to the pleadings and incorporated by reference in her controverting affidavit. Rule 59 states that when an exhibit such as the policy of insurance in question has been attached to the pleading, such pleading shall not be deemed defective because of any allegation which can be supplied from said exhibit. Plaintiff also says that Eagle Life has waived any objection it may have had concerning the sufficiency of the pleadings by failing to file an exception pursuant to Rules 90 and 93. We agree with plaintiff's contentions.

No issue is before us questioning the formalities of verification or the manner in which the original petition and exhibits were incorporated into the controverting affidavit. The relevant substance of plaintiff's original petition and controverting affidavit alleged: that the plaintiff is the surviving wife of Frederick G. Spencer, deceased, who died in Nueces County on December 15, 1978; that the plaintiff and her deceased husband entered into a Mobile Home Installment Sales Contract and Security Agreement with Mission Mobile Homes, Inc., for the purchase of a mobile home; the purchase was financed through the Broadway National Bank of San Antonio for a deferred payment price of $42,-685.60; the contract called for credit life insurance on the life of the deceased husband; the premium in the amount of $750.00 was paid in advance by the bank to the insurance company for the benefit of the plaintiff. In addition, plaintiff pled that Eagle Life is "a domestic insurance corporation"; that, pursuant to a specified credit transaction, Eagle Life had issued its credit life policy (No. A0088) insuring the life of Fred G. Spencer, plaintiff's deceased husband; and that Eagle Life had refused to pay the proceeds of the credit life policy to the creditor beneficiary. Plaintiff's controverting affidavit also alleged that Eagle Life was a "domestic private corporation."

A copy of the mobile home installment sales contract, security agreement and disclosure statement executed in conjunction with the credit transaction, and a copy of the credit life insurance policy were attached to the original petition and incorporated into the controverting affidavit by reference. The disclosure statement contained a statement to the effect that, although credit life and health and accident insurance were not required, both types of insurance were available. The disclosure form was marked to indicate that credit life insurance was desired and was purchased by the deceased husband and the plaintiff. The attached copy of the credit life insurance policy clearly identified the defendant, Eagle Life Insurance Company, as the insurer which "hereby insures the life . . of the above named Debtor against Death or Disability . . . ." The policy shows

that only the life insurance afforded by the policy was issued in this case. The policy, however, clearly shows that Eagle Life does issue accident and health insurance as well as life insurance.

■ We are of the opinion that the substance and the effect of plaintiff's allegations in her pleadings were sufficient so as to authorize the introduction into evidence of the certificate that proved conclusively that Eagle Life was a life, accident and health insurance company within the meaning of Subdivision 28. These allegations and the references contained in the life insurance policy in question allege facts which bring Eagle Life within the statutory definition of a life and accident and health insurance company. See Tex.Ins.Code art. 3.01 §§ 1–3 (1963). See also 1 McDonald, § 4.49, pp. 597–602 (1965); *Leonard v. Maxwell*, 365 S.W.2d 340 (Tex.1963); *Buchanan v. Jean*, 141 Tex. 401, 172 S.W.2d 688 (Tex. 1943); *United States Furniture Corp. v. Twilite Mobile Homes Mfg. Co.*, 355 S.W.2d 851 (Tex.Civ.App.—Dallas 1962, no writ); Rule 59, Texas Rules of Civil Procedure.

Other courts have held that similar factual allegations are sufficient to authorize a trial court to hear and receive evidence as to whether the defendant insurance company was one of the types of insurance companies mentioned in Section 28. The policy of insurance issued by the appellant to the deceased and the plaintiff was introduced into evidence without objection. We hold that this proof was sufficient under Subdivision 28. These same cases, hereinafter cited, have determined that an insurance policy which was introduced into evidence was some evidence as to the type of insurance company involved. See *Republic Bankers Life Ins. Co. v. Hubbard*, 424 S.W. 519 (Tex.Civ.App.—Amarillo 1968, no writ); *American Automobile Insurance Co. v. Parker*, 415 S.W.2d 447 (Tex.Civ.App.—Waco 1967, no writ); *Group Hospital Service, Inc.*

*v. Bass*, 252 S.W.2d 507 (Tex.Civ.App.— Beaumont 1952, writ dism'd); *Continental County Mutual Ins. Co. v. Mattox*, 232 S.W.2d 894 (Tex.Civ.App.—Beaumont 1950, no writ). The cases cited by Eagle Life are clearly distinguishable. See *Employers National Insurance Co. v. Harkness*, 497 S.W.2d 645 (Tex.Civ.App.—El Paso), writ ref'd n. r. e., 502 S.W.2d 670 (Tex.1973); *Pan American Insurance Co. v. White*, 321 S.W.2d 337 (Tex.Civ.App.—Dallas 1959, no writ). Appellants' point of error number three is overruled.

The plaintiff has filed a motion to affirm the judgment with damages caused by the delay of this appeal pursuant to Rule 438, T.R.C.P.[2] We note that, in addition to Rule 438, Rule 435 states that: "[t]he appellate court may, in its discretion, include in the judgment or decree such damages, not exceeding ten per cent on the amount of the original judgment, as it may deem proper." Some courts have indicated that the imposition of damages under Rule 435 is discretionary, whereas under Rule 438, it is mandatory when the court finds that the appeal was taken for delay and without sufficient cause. *Charter Oak Fire Insurance Company v. Adams*, 488 S.W.2d 548 (Tex.Civ.App. —Dallas 1972, writ ref'd n. r. e.); and cases cited.

The facts of the parent lawsuit give cause for concern if delay was purposely perpetrated. The outstanding balance of the plaintiff's installment contract in question is approximately $39,000.00. The policy of insurance was $20,000.00, the approximate amount of the cash purchase price of the mobile home. The contract calls for the plaintiff to continue to make the monthly installment payments of $281.15, even though her husband died on December 15, 1978. Although the plaintiff seeks statutory damages from the insurance company in her original petition, such damages (12%), were set originally by the legislature in

---

2. RULE 438. AFFIRMANCE WITH DAMAGES FOR DELAY

Where the court shall find that an appeal or writ of error has been taken for delay and that there was no sufficient cause for taking such appeal, then the appellant, if he be the defendant in the court below, shall pay ten per cent on the amount in dispute as damages, together with the judgment and interest and costs of suit thereon accruing.

1909[3] when interest rates were only about ⅓ of present rates (prime 15% plus). The present installment contract calls for finance charges in the total aggregate of $19,177.06, which amounts to an excess of 12% annual interest.

The legal rate of interest, 6% or 9%[4] (pre-judgment interest), the statutory post-judgment interest rate (9%), and the statutory penalties (10–12%) are far below the going prime interest rate. It is conceivable that it is now profitable for some institutions, in some cases, to refuse to pay just debts or judgments and/or to delay an appeal as long as possible under present conditions. We believe that our legislature would be justified in taking a look at all of such interest rates and penalties as they now exist for possible change.

◼ It is common knowledge that some parties file pleas of privilege and appeal the rulings thereon for purposes of delay. This type of conduct contravenes the purpose behind the time-honored theme that "every defendant is entitled to be sued in his home county because it is a very valuable right that needs protection." Although this particular appeal may have been taken for delay, we do not believe that under the present Rule 435 or 438, it is appropriate to assess damages in a plea of privilege case because of its procedural interlocutory nature. We therefore affirm the trial court's judgment without delay.

3. Present Tex.Ins.Code art. 3.62 [1963] was based on art. 4736, R.S.1925 in acts 1909; R.S. 1911, art. 4746 was amended by acts 1931, without change of interest rate.

4. See *Allstate Ins. Co. v. Chance*, Tex., 590 S.W.2d 703 (1979); *Maxey v. Texas Commerce Bank of Lubbock, Texas*, 571 S.W.2d 39 (Tex. Civ.App.—Beaumont), writ ref'd n.r.e., 580 S.W.2d 340, 341 (Tex.1979) (per curiam).