INTERNATIONAL INSURANCE
COMPANY, Appellant,

v.

Jose A. HERNANDEZ, Appellee.

No. 13–82–171–CV.

Court of Appeals of Texas,
Corpus Christi.

Oct. 27, 1983.

Rehearing Denied Nov. 17, 1983.

Frank E. Weathered, William A. Abernethy, Meredith & Donnell, Corpus Christi, for appellant.

Russell H. McMains, Edwards & Perry, Corpus Christi, for appellee.

Before NYE, C.J., and YOUNG and KENNEDY, JJ.

## OPINION

NYE, Chief Justice.

This is a workers' compensation case. Appellee Jose Hernandez alleged that on July 11, 1980, while in the course and scope of his employment, he sustained an on-the-job injury. He alleges the effects of the injury resulted in permanent incapacity and permanent reduction in wage earning capacity. The case was submitted to the jury on special issues. The jury returned a verdict favorable to Hernandez, and judgment was entered by the trial court. From this judgment, International Insurance Company has appealed, contending generally that there was insufficient evidence factually and legally to support a finding of permanent incapacity as a result of the injury.

Jose Hernandez was fifty-five years old at the time of trial. He had worked for Charley Thomas Courtesy Ford as a body mechanic since 1978. He had done similar work for many years. On July 10, 1980, he developed chest pains while exerting himself at work. He testified that he had been working on a car in a shed. The sun was hitting the side he was working on, and the ventilation was poor. He stayed at work on July 10, 1980, but felt run down. He did not continue working that afternoon because he needed a part that had been ordered.

Prior to this time, he testified he had no physical problems. The next day, after helping another employee lift a car door out of a truck, he began to experience chest pains, numbness in his left arm, difficulty breathing, and he began to sweat profusely. He went to the hospital emergency room. He was placed in intensive care in the coronary care unit, with an admitting diagnosis of acute myocardial infarction. He was released from the hospital after a nine day stay. He did not return to work. Hernandez testified that he continued to have chest pains and was again hospitalized. During this hospitalization, various tests were performed. A year later, he was admitted to the hospital a third time. During this hospitalization, by-pass surgery was performed.

International Insurance Company agrees that the incapacity resulting from the injury began July 11, 1980, but argues that it ceased no later than December of 1980. Thereafter, International claims, Hernandez' incapacity was due solely to pre-existing coronary artery disease and not the injury of July 11. They contend that there was no injury to the arteries, and the injury to the heart muscle did not incite, accelerate or aggravate the already pre-existing narrowing of the left coronary artery. Hernandez argues that there is sufficient evidence to support the jury's finding that he was permanently incapacitated by the injury he sustained on that date.

It is undisputed that a heart attack caused by strain or overexertion is an accidental injury to the physical structure of the body within the meaning of the Worker's Compensation Act. *Baird v. Texas Employers' Insurance Ass'n.*, 495 S.W.2d 207 (Tex.1973). The mere fact that a worker had a pre-existing injury or disease which enhanced or aggravated the injury complained of does not in itself defeat the right to recover under the statute. To defeat a claim because of a pre-existing injury, a carrier must show that a prior injury is the sole cause of the claimant's present incapacity. *Texas Employers' Insurance Ass'n. v. Page*, 553 S.W.2d 98 (Tex.1977). An employee is entitled to compensation for an injury received in the course of employment whether or not he was previously suffering from a disease which contributed to the incapacity resulting from the injury. *Sowell v. The Travelers Insurance Co.*, 374 S.W.2d 412 (Tex.1963). There is no fixed rule of evidence by which a claimant in a worker's compensation case establishes that the injury suffered has caused permanent disability. Proof of duration must be deter-

mined from all pertinent facts that the finder of facts has before it. *Olivarez v. Texas Employers' Insurance Ass'n.,* 486 S.W.2d 884 (Tex.Civ.App.—Corpus Christi 1972, no writ); *Texas Employers' Insurance v. Washington,* 437 S.W.2d 340 (Tex.Civ. App.—Dallas 1969, writ ref'd n.r.e.).

■ The determinative issue is whether the injury sustained by Hernandez on July 11, 1980, was a producing cause of his permanent incapacity. The trial court defined producing cause in the following terms:

"An injury or condition which, either independently or together with one or more other injuries or conditions, results in incapacity, and without which such incapacity would not have occurred when it did."

The injury in the course of employment need not be the sole cause of disability or death, and a predisposing bodily infirmity will not preclude compensation. *Baird v. Texas Employers Insurance Ass'n.,* 495 S.W.2d 207 (Tex.1973).

In considering a "no evidence" or "insufficient evidence" point of error, we will follow the well established test set forth in *Glover v. Texas General Indemnity Company,* 619 S.W.2d 400 (Tex.1981); *Garza v. Alviar,* 395 S.W.2d 821 (Tex.1965); *Allied Finance Company v. Garza,* 626 S.W.2d 120 (Tex.App.—Corpus Christi 1981, writ ref'd n.r.e.); CALVERT, *No Evidence and Insufficient Evidence Points of Error,* 38 Tex.L. Rev. 359 (1961).

■ Dr. Dallas Dalton testified by deposition that Hernandez had moderate coronary heart disease. He had no opinion on Hernandez' convalescent period. He estimated the usual period of time to be eight weeks; but testified that the period of time which Hernandez was incapacitated following his heart attack was considerably longer than that because of the pain he experienced. Dr. Dalton was asked whether a person with underlying coronary artery disease would be incapacitated by the disease itself after a period of convalescence. He responded, "Only if it is symptomatic which it became after the heart attack." Dr. Dalton believed that the underlying obstruction would have developed some sort of symptomology in the future, but he testified that

he could not give an "educated guess" at what point in the future the disease would have manifested itself. He could not state categorically whether or not the injury caused or aggravated the underlying coronary artery disease. He did not believe that the injury increased the narrowing of the vessel. If Hernandez did not have the preexisting coronary disease, Dr. Dalton believed he would not have had the incapacity. Dalton testified that Hernandez had suffered an injury on July 11, 1980; that the exertion on that day was a cause of the injury; that the injury on that date was the cause of incapacity from the time of the injury until the surgery; and that there was no way to tell if he would have ever been totally incapacitated, had he never had the heart attack.

Mr. Hernandez testified that prior to July 10, 1980, he had never had any problems with his heart, chest pains or breathing problems. He had never lost work because of such a problem. He testified that, after the first hospitalization for the myocardial infarction, he continued to have chest pain, breathing problems, choking sensations and that the chest pains and breathing problems continue. He has not worked since the day of the heart attack. He continues to have chest pains on occasion, and he continues to have problems breathing.

Dr. Luis Casillas Aguayo, Mr. Hernandez' family physician, also testified by deposition at trial. He testified that he came to the emergency room on July 11, 1980, which was the first time he had seen Hernandez in two years. He testified that, in his opinion, Mr. Hernandez has been totally incapacitated since July 11, 1980, and he considers his condition permanent.

We hold that the evidence was sufficient for the jury to find that the injury was a producing cause of Mr. Hernandez' total and permanent incapacity. Appellant's first, second and third points of error are overruled.

■ Appellant argues in points of error four and five that the evidence was legally and factually insufficient to support the jury's answer to a special issue that the

reasonable cost incurred by Hernandez for medical care reasonably required as a result of such injury was $18,763.96. A claimant's right to recover for the cost of hospital bills is dependent upon a showing that they were reasonable, and they were made necessary by the effects naturally resulting from the injuries that were incurred during the course of employment. *Peeples v. Home Indemnity Co.,* 617 S.W.2d 274 (Tex.Civ. App.—San Antonio 1981, no writ). The Worker's Compensation Act provides that all medical services reasonably required to cure and relieve from the effects naturally resulting from an injury shall be furnished. TEX.REV.CIV.STAT.ANN. art. 8306 § 7 (Vernon Supp.1982–1983); *Hartford Accident & Indemnity Co. v. Thurmond,* 527 S.W.2d 180 (Tex.Civ.App.—Corpus Christi 1975, writ ref'd n.r.e.). The amount awarded by the jury included all treatments by the physicians, medicine, anesthesiologists, and the three hospitalizations, including treatment related to the by-pass surgery. There is no dispute that the medical bills were reasonable for Nueces County, Texas.

■ Appellant urges that the majority of the medical bills and hospital bills were not made necessary by the effects naturally resulting from the injury or the injury itself, but were made necessary solely by the preexisting coronary artery disease. In his deposition, Dr. Dalton testified as follows regarding the necessity of medical treatment:

"Q. Doctor, if Mr. Hernandez had not had his heart attack on July 11, 1980, would he have been required to have the hospitalization he has had, these three hospitalizations, two in 1980 and one in 1981, and all the medical treatment he has had since then, had he not had the heart attack on July 11, 1980?
A. I do not think so."

Dr. Dalton testified further that the services rendered to Hernandez were necessary for the treatment of his medical condition of pain due to ischemic coronary heart disease and/or the heart attack, not specifically for the treatment of the injury.

Considering all of the evidence as we are required to do, we hold that it was suffi-

cient for the jury to make its determination that the medical expenses incurred were made necessary by the effects naturally resulting from the injury incurred in the course of employment. Appellant's points of error numbers four and five are overruled.

■ Appellee asserts in his brief two counterpoints. By these, he asks this Court to assess a mandatory penalty of 10% of the judgment for the prosecution of a delay-only appeal pursuant to Tex.R.Civ.P., 438, or, alternatively, assess a discretionary penalty of 10% additional damages pursuant to Tex.R.Civ.P., 435, as a result of a patently nonmeritorious appeal. The right of appeal is a sacred one, and, unless the record is such as to justify a conclusion that the appeal was brought for purposes of delay only, a party should not be penalized for taking advantage of his right to appeal. *United General Insurance Exchange v. Brown,* 628 S.W.2d 505 (Tex.App.—Amarillo 1982, no writ). Compare: *Eagle Life Insurance Co. v. Spencer,* 591 S.W.2d 589 (Tex.Civ.App.—Corpus Christi 1979, no writ). Even though all of appellant's points of error have been overruled, we are unwilling to say that the appeal was taken for delay only. Appellee's counterpoints are overruled.

The judgment of the trial court is affirmed.