INSURED LLOYDS and Southern Insurance Company, Appellants,

v.

CLASSIC MOTORS, Appellee.

No. 10430.

Court of Civil Appeals of Texas.

Austin.

Nov. 7, 1956.

Locke, Locke & Purnell, J. L. Shook, Dallas, for appellants.

Victor B. Rogers, Austin, for appellee.

ARCHER, Chief Justice.

This is a plea of privilege case.

Appellee has not filed a brief and we accept the statement made by appellant as correct. Rule 419, T.R.C.P.

Classic Motors (it was not alleged whether Classic Motors was a corporation, a partnership, a sole proprietor, an assumed name or what) brought this suit as plaintiff against Insured Lloyds of Dallas, Dallas County, Texas and Southern Insurance Company of Dallas, Dallas County, Texas, on a standard Texas automobile insurance policy insuring a 1951 Buick automobile. Both of the defendants filed their pleas of privilege to be sued in Dallas County where

plaintiff alleged both had their residence. The plaintiff controverted such pleas. The court set such pleas down for, and a hearing was had on April 5, 1956, which resulted in the overruling of such pleas of privilege. Appellants state that there was no evidence adduced at the hearing on the pleas of privilege and controverting pleas from which the court could have entered proper judgment overruling such pleas and the pleas should have been sustained and the cause transferred to Dallas County as to both defendants.

The appeal is founded on eleven assignments of error and are to the effect that the court erred in overruling the pleas of privilege because there was no evidence that the collision occurred in Travis County, Texas; that no proof was offered as to the type of insurer; that there was no evidence to sustain the burden of proof that Exception No. 23 of Article 1995, V.A.C.S. was applicable; and in admitting the hearsay and unsupported testimony of plaintiff's witness, Herbert Meyer, because he was not present at or saw the collision, if any, all applicable to the plea of Insured Lloyds.

The other assignments, Points Nos. 6, 7, 8, and 9 are concerned with the plea filed by Southern Insurance Company, because there was no such privity between plaintiff and Southern as would justify a suit; that no cause of action was alleged and no evidence to connect Southern with plaintiff's complaint against Insured Lloyds, and no admissible evidence that the collision, if any, occurred in Travis County, Texas; and that there was no proof that Southern was a life insurance company, or accident, or life and accident, or health and accident, or life, health and accident insurance company, or that it issued any policy of insurance of the type enumerated, or that it was organized under Chapter 3 of the Texas Insurance Code, V.A.T.S., art. 3.01 et seq., and assignments Nos. 10 and 11 are directed to the admission of the hearsay testimony of Meyer.

The plaintiff relies on subdivisions 23 and 28 of Article 1995, V.A.C.S., and it was incumbent that plaintiff bring itself under either of such subdivisions. There was a further effort to bring Southern additionally under subdivision 29a.

There is no allegation in the petition as to the type of business organization either of the defendants was, under statute or what authority, or where organized.

In its plea of privilege Insured Lloyds alleged that it was a Lloyds-type organization. Southern alleged that it was a corporation.

It is apparent that plaintiff could not contend that either of the defendants was a private corporation, association or joint stock company, which is the basis of subdivision 23, and it then becomes evident that plaintiff was relying only on that part of subdivision 23, reading: " * * * or in the county in which the cause of action or part thereof, arose."

The testimony on which the plaintiff sought to sustain his controverting pleas and that relied on by the court in overruling the pleas is that given by witness Herbert Meyer, who on cross-examination testified as follows:

"Questions by Mr. Shook:

"Q. Mr. Meyer, where were you on November 10, 1955? A. At my place of business.

"Q. Were you in this automobile? A. No, sir.

"Q. Did you see it that day? A. No, I did not see it that day.

"Q. You were not driving the automobile? A. That is correct.

"Q. You were not a passenger in it? A. That is correct.

"Q. You don't know except from hearsay, what somebody else has told you, anything about it being involved in an accident or a collision? A. I

## 352

would say I know more than that, for I saw the automobile. I—

"Q. You don't know how the damage was caused, though, except through hearsay, do you? A. Well, through responsible testimony of people involved.

"Q. I know but that testimony isn't here. All you know is what somebody else has told you; that is correct, isn't it? A. Other than seeing the physical damage to the automobile.

"Q. But you didn't see the collision occur? A. I did not.

"Q. You were not there? A. That is correct.

"Q. That is all."

■ The defendants had objected to the testimony of Mr. Meyer on direct examination because such testimony was hearsay, such objection was overruled, in so doing the court was in error under "The Hearsay Rule."

Jones on Evidence, Vol. 1, Section 297; Texas Law of Evidence, Vol. 1, page 558, Section 781; Wigmore, Sections 1361, 1788.

■ The only thing in the record to show where the principal offices of the appellants are located are in their Pleas of Privilege.

No testimony was offered that either of appellants had an agency or representative in Travis County or that Travis County was the nearest county in which either of appellants had an agency or representative.

In the controverting plea the plaintiff alleged that the suit was brought under Exception 28 as a suit on a policy against a life insurance company, etc.—in the county where the loss occurred, or where the beneficiary resided.

The plaintiff did not allege that either of the defendants is a fire insurance company, marine or inland insurance company, and did not bring itself within the Exception No. 28.

■ Article 3.01 of the Insurance Code defines life insurance company, accident insurance company and health insurance company. Each deals with human life, human injury, disablement or death, or human sickness or ill-health. No company organized under Chapter 3 supra could issue an automobile policy.

The judgment of the trial court is reversed and rendered for appellants and the cause is ordered transferred to one of the District Courts of Dallas County, Texas.