E. R. MASON, Appellant,

v.

ALLSTATE INSURANCE COMPANY,
Appellee.

No. 7054.

Court of Civil Appeals of Texas.

Beaumont.

April 17, 1969.

W. T. Wood, Jr., Beaumont, Floyd Addington, Jasper, for appellant.

Orgain, Bell & Tucker, Beaumont, for appellee.

STEPHENSON, Justice.

This is an appeal from an order sustaining a plea of privilege of the defendant, Allstate Insurance Company. The parties will be referred to here as they were in the trial court.

Plaintiffs brought this action in Jasper County, the county of their residence, upon a standard automobile liability insurance policy. They alleged that the automobile insured under defendant's policy was involved in an accident in Orange County with an automobile belonging to the plaintiffs Stanton. Suit having been brought in Orange County by the Stantons against the Masons, the insured, the defendant refused to defend even though duly notified. The Stantons recovered judgment in their suit; and, being unable to collect thereon, joined in the suit by the Masons against the defendant to recover on the policy of insurance issued by defendant.

Defendant filed its plea of privilege to be sued in the county of its residence, Dallas County, Texas. Plaintiffs filed their controverting plea, relying upon Section 28, Article 1995, Vernon's Ann.Civ.St., to retain venue in Jasper County. This section reads as follows:

"28. Insurance.—Suits against fire, marine or inland insurance companies may also be commenced in any county in which the insured property was situated. Suits on policies may be brought against any life insurance company, or accident insurance company, or life and accident, or health and accident, or life, health and accident insurance company, in the county where the home office of such company is located, or in the county where loss has occurred or where the policyholder or beneficiary instituting such suit resides."

Plaintiffs contend this case should be reversed because the evidence brings it under Section 28 of Article 1995. This point is overruled. We think the law is clear in this State, that plaintiff had the burden to allege and prove that the defendant is one of the kind of insurance companies referred to in Section 28. The general rule is stated by the Supreme Court in Collins v. F. M. Equipment Company, 162 Tex. 423, 347 S.W.2d 575 (1961). The specific rule is stated in the following cases: Southern Farm Bureau Casualty Ins. Co. v. Powell, 414 S.W.2d 770 (Corpus Christi Civ.App., 1967, no writ); Casares v. Pioneer Casualty Company, 366 S.W.2d 652 (Amarillo Civ.App., 1963, no writ); Pan American Insurance Company v. White, 321 S.W.2d 337 (Dallas Civ.App., 1959, no writ); Insured Lloyds v. Classic Motors, 296 S.W.2d 350 (Austin Civ.App., 1956, no writ). There is no evidence in this record that defendant is one of the kind of insurance companies named in Section 28, Article 1995.

It was suggested by plaintiffs' attorney in oral argument that this court could consider any exception applicable to the facts alleged and proved, even though such exception was not plead in their controverting plea. Plaintiffs attempt to support this position by supplemental brief. This point is overruled. Victoria Bank & Trust Co. v. Monteith, 138 Tex. 216, 158 S.W.2d 63 (Comm.App., 1941) states the rule in this State that venue cannot be retained under an exception not invoked, or upon a venue fact not alleged as such in the controverting affidavit.

Affirmed.