CENTENNIAL INSURANCE COMPANY,
Appellant,

v.

Juan M. CANTU et al., Appellees.

No. 4560.

Court of Civil Appeals of Texas,
Eastland.

June 16, 1972.

Larry L. Gollaher, Dallas, for appellant.

Boyd, Veigel & Gay (George McCleskey), McKinney, for appellees.

· McCLOUD, Chief Justice.

This is a venue case. Juan Cantu and wife, Rosa Cantu, sued Centennial Insurance Company under the uninsured motorist provisions of a standard Texas family combination automobile policy issued to Juan Cantu by Centennial. Centennial filed a plea of privilege requesting that the case be transferred to Harris County, its place of residence. Juan and Rosa Cantu relied upon Subdivision 28, Article 1995, Vernon's Ann.Civ.St. to retain venue in Collin County. The plea of privilege was overruled by the trial court and Centennial Insurance Company has appealed. We reverse and render.

The evidence shows that appellees, Juan and Rosa Cantu, reside in Collin County; that the policy, which was introduced in evidence, was an "assigned risk policy"; that Juan Cantu signed an "Application for Automobile Liability Insurance" under the Texas Automobile Insurance Plan; and, that the policy was issued by appellant. The parties stipulated that the accident occurred in Dallas County.

Subdivision 28 provides in part as follows:

" .   .   . Suits on policies may be brought against any life insurance company, or accident insurance company, or life and accident, or health and accident, or life, health and accident insurance company, in the county where the home office of such company is located, or in the county where loss has occurred or where the policyholder or beneficiary instituting such suit resides."

Our Supreme Court has recently stated that Subdivision 28 is not applicable in a suit by the insured against the insurer under the uninsured motorist provisions of an automobile liability policy. Pioneer

Casualty Company v. Johnson, 450 S.W.2d 64 (Tex.Sup.1970). The Court said:

"Section 28 is inapplicable because Pioneer is not the type of company, and the insurance policy sued on is not the type of policy, to which this exception applies."

See also Insured Lloyds v. Classic Motors, 296 S.W.2d 350 (Tex.Civ.App.—Austin 1956, no writ); Mason v. Allstate Insurance Company, 440 S.W.2d 404 (Tex.Civ. App.—Beaumont 1969, no writ); Southern Farm Bureau Casualty Insurance Company v. Powell, 414 S.W.2d 770 (Tex.Civ.App.— Corpus Christi 1967, no writ).

The judgment of the trial court is reversed and the cause is transferred to the District Court of Harris County.