**W. A. DIXON, Administrator of the Estate of Janet Legge, Deceased, Movant,**

v.

**KENTUCKY FARM BUREAU MUTUAL INSURANCE COMPANY et al., Respondents.**

Supreme Court of Kentucky.

July 15, 1980.

Rehearing Denied Sept. 2, 1980.

James David Bryant, Harlin, Parker & Rudloff, Bowling Green, for movant.

Reginald L. Ayers, Bell, Orr, Ayers & Moore, Bowling Green, Gregory Y. Dunn, Hensley, Craddock, Talley & Dunn, Horse Cave, G. D. Milliken, Milliken & Milliken, Bowling Green, for respondents.

STERNBERG, Justice.

This is a declaratory judgment action. Liability as the result of an automobile collision is sought to be fixed upon an insurance company for the acts and conduct of its named insured's former wife. The circuit court found that the insurance policy was in full force and effect at the time of the collision and provided liability coverage. The Court of Appeals of Kentucky reversed the judgment of the circuit court and erroneously denied liability under the policy. This court granted review on February 7, 1980.

Sherry and James E. Webster were husband and wife. On August 24, 1974, the Kentucky Farm Bureau Mutual Insurance Company (for convenience hereinafter referred to as Farm Bureau) issued an insurance policy to James, and in his name only, on a 1970 Ford pickup truck. On October 12, 1974, the coverage was changed to a 1972 Volkswagen (for convenience hereinafter referred to as VW). James was continued as the named insured. In June 1975, Sherry and James separated and James took up residence elsewhere. By agreement of the parties, the VW was left with Sherry for her use. On August 22, 1975, Sherry paid the insurance premium that had become due and she had the comprehensive and collision coverage deleted from the policy. This left only liability coverage and obligated Farm Bureau to pay those sums of money that its insured might become obligated to pay. The premium was paid with Sherry's personal check for the quarterly period beginning August 1975.

On September 24, 1975, Sherry filed a petition for dissolution of her marriage to James. She also filed a property settlement agreement which, among other things, provided for the VW to go to Sherry. On October 10, 1975, unbeknown to either James or Sherry, a decree for the dissolution of their marriage which incorporated the property settlement agreement was entered. On October 11, 1975, James bought a 1970 Buick and on October 23, 1975, he had the VW removed from the insurance policy and the Buick added in its place. The unused portion of the premium which Sherry had paid for coverage on the VW was credited to the payment of the premium on the Buick. On October 18, 1975, while Sherry was driving the VW and Janet Legge was a passenger, Sherry had a collision in which both women lost their lives. We are faced with the issue of whether the policy of insurance provided coverage on the VW for this collision. At the time of the collision and prior thereto, Sherry had possession and use of the VW.

Farm Bureau argues that it did not have coverage on the VW on the grounds that the decree of dissolution of the marriage of James and Sherry and the approval of the property settlement agreement transferred ownership to Sherry without the policy including her as a named insured; that Sherry was not at the time of the collision the wife of James; and that since she was not a resident of his household, she was not covered by the terms of the policy. In other words, it argues that the policy of insurance is a contract and its terms must be complied with before there can be recovery. Movant, on the other hand, argues that the issues are broader than just contracts and include estoppel. Accordingly, movant argues that Farm Bureau is estopped to deny coverage. The trial court held that Farm Bureau was estopped to deny liability coverage and that the policy of insurance was in full force and effect at the time of the collision. The Court of Appeals opined that the terms and provisions of the contract of insurance had not been complied with; consequently, there was no liability on Farm Bureau.

Movant further states, "The key issues are the risk insured against and whether Sherry Webster contracted with Farm Bureau for liability coverage for herself."

The subject policy of insurance was originally written to provide liability, collision and comprehensive coverage. On August 22, 1975, Sherry not only paid the quarterly premium that had become due but she had

the nature of the coverage changed by deleting the collision and comprehensive, leaving only liability. James was the named insured both prior to and subsequent to the change of the coverage and payment of the premium.

*Hicks v. Kentucky Farm Bureau Mutual Ins. Co.,* Ky., 455 S.W.2d 52 (1970), cited in movant's brief, stands for the proposition that the fact that title papers have not been delivered does not require a finding that the seller still be considered the owner. On the other hand, a failure to deliver the title papers may be a factor in arriving at the conclusion that there had been no change in ownership. Compliance with the motor vehicle licensing statute, Kentucky Revised Statutes Chapter 186, is not dispositive of ownership since ownership is a factual issue. We gather from the argument presented in the brief of respondents that coverage was extended to the VW only so long as it was owned by James, the named insured. With this argument, we find no fault, but we now turn our attention to the facts in an effort to establish ownership and responsibility at the time of the wreck.

James and Sherry were having marital difficulties and had discussed the propriety of a divorce. They agreed as to the disposition of their property, in which Sherry was to receive the VW. At no time was a bill of sale made from James to Sherry. Sherry was permitted to have the use of the VW and James was required to make the monthly mortgage payments for September and October, 1975. Thereafter Sherry agreed to assume the responsibility for making the payments. The insurance premium which Sherry paid on August 22, 1975, continued James as the named insured (owner). The only change was to delete collision and comprehensive coverage, retaining liability only. There was no agreement between James and Sherry as to when title to the VW would be transferred. Nothing was agreed upon as to who would pay the taxes. The taxable value was not established. There was no statement as to the unpaid balance on the mortgage or in whose name it would be carried. There was no understanding concerning liability for taxes, insurance premiums or mortgage

payments in the event Sherry became in default. These are proper considerations to be thrashed out between the parties before transfer of ownership. Since James was the named insured, it is logical to assume that the car was registered in his name and the mortgage would also be in his name. Certainly James did not propose to transfer ownership until the matter of financial importance was cleared up.

This court has no doubt but that James intended at sometime and after the conditions precedent had been fully complied with to transfer ownership of the VW to Sherry. However, at the time and on the occasion of the wreck, neither James nor Sherry knew that the decree had been entered and they had not gotten together to consummate the transfer of ownership. In those cases in which we have held that a sale and ownership of an automobile may be consummated even though a bill of sale had not been executed, the holder of the legal title fully intended to transfer title and ownership at the time of delivery. *Hicks v. Kentucky Farm Bureau Mutual Ins. Co.,* supra. In the case at bar, there was no such understanding, and until all conditions precedent had been complied with, James owned the car and Sherry operated it with his consent.

The insurance policy in question provided:

"III. Persons Insured.

The word 'insured' means the named insured, and, except where otherwise specifically excluded by endorsement, if the named insured is an individual, his spouse if a resident of the same household, and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or such spouse or with the permission of either. . . ."

At the time of the collision, the dissolution of marriage had already been entered, but no effort had been made to change the ownership from James to Sherry. We cannot accept the proposition that the decree in and of itself placed ownership in Sherry or that since she was allegedly the owner without insurance coverage, there is no lia-

bility on Farm Bureau. The ownership of the VW and the nature of the insurance coverage are factual issues. The trial court filed extensive findings of fact and conclusions of law on which it entered judgment, which judgment we will not disturb unless it is clearly erroneous. CR 52.01. We are of the opinion that at the time of the collision James was the properly named insured and that Sherry was operating the VW with his consent. Regardless of the fact that their marriage may have been dissolved, the title to the VW had not been transferred, therefore Sherry was operating the VW with the knowledge and consent of James, the named insured.

We have carefully considered the issues presented herein and do not consider the judgment of the trial court erroneous.

The decision of the Court of Appeals is reversed, and the judgment of the Warren Circuit Court is affirmed.

All concur.