**EMPLOYERS CASUALTY COMPANY, Appellant,**

v.

**Richard LaFAVE, Appellee.**

No. 11–82–291–CV.

Court of Appeals of Texas, Eastland.

April 7, 1983.

---

James Gordon, David Cobb, McMahon, Smart, Surovik, Suttle & Buhrmann, Abilene, for appellant.

Davis Scarborough, Charles Black, Scarborough, Black, Tarpley & Scarborough, Abilene, for appellee.

McCLOUD, Chief Justice.

This is a venue case. Richard LaFave sued James Calvin Jackson, Jr. and Kay Lindsey for personal injuries sustained when he was struck by a Toyota automobile driven by Jackson and owned by Kay Lindsey. The Toyota was listed as an owned automobile in a family automobile policy issued by Employers Casualty Company to Mike Ray Lindsey, the former husband of Kay Lindsey. Employers Casualty Company refused to defend the LaFave suit. Judgment was entered in favor of LaFave for $111,784.11 against Jackson and Kay Lindsey. LaFave then filed the instant suit

in Taylor County against Employers Casualty Company urging that the policy issued to Kay Lindsey's former husband afforded liability protection to both Kay Lindsey and James Calvin Jackson, Jr., who was driving the Toyota with Kay Lindsey's permission. LaFave alleged that he was entitled to collect the full $111,784.11 judgment from Employers Casualty because the insurance company was negligent in not settling the original suit against Jackson and Kay Lindsey within the policy limits. Plaintiff alternatively alleged that he was entitled to recover the $10,000 policy limits.

Employers Casualty Company filed its plea of privilege urging that it is a resident of Dallas County. Plaintiff, LaFave, filed a controverting plea alleging that venue is proper in Taylor County under Tex.Rev.Civ. Stat.Ann. art. 1995, subdivisions 23 and 28 (Vernon 1964). The defendant's plea of privilege was overruled and it has appealed. We reverse and render judgment transferring the cause to Dallas County.

To sustain venue in Taylor County under Subdivision 23, plaintiff must prove a cause of action against the corporate defendant.[1] The element in issue is whether or not Kay Lindsey and James Calvin Jackson, Jr. are additional insureds under the omnibus clause of the liability insurance policy issued to the former husband of Kay Lindsey.

The policy, dated February 13, 1981, which described the 1976 Toyota as an "owned automobile," provided liability coverage to any person "using such automobile with the permission of the named insured."

The named insured, Mike Ray Lindsey, and his former wife, Kay Lindsey, were divorced on August 20, 1980. The divorce decree awarded the 1976 Toyota automobile to Kay Lindsey. When the policy was renewed in February of 1981, it named Mike Ray Lindsey as the named insured and listed as an "owned" automobile the 1976 Toyota, owned by Kay Lindsey, along with a 1980 Toyota pickup owned by Mike Ray

---

1. Subdivision 23 provides in part: Corporations and associations.—Suits against a private corporation, association, or joint stock company may be brought in the county in which its principal office is situated; or in the county in which the cause of action or part thereof arose. . . .

Lindsey. Kay Lindsey testified that in February of 1981, she reimbursed her former husband for the amount of the total premium allocated to her 1976 Toyota. Kay Lindsey testified that she did not contact her insurance agent after the divorce. She stated that she just assumed that if her former husband paid the premium and she reimbursed him then she would have insurance coverage.

The controlling issue is whether the named insured, Mike Ray Lindsey, had the right to control the 1976 Toyota at the time of the accident. The court in *Gulf Insurance Company v. Bobo,* 595 S.W.2d 847 (Tex.1980), clearly holds that the named insured must have "control" over the use of the vehicle before he can grant permission to drive it. In *Bobo,* the named insured, Avett, and his conditional vendee, Havens, had agreed on the sale of Avett's pickup truck. Avett required Havens to obtain a collision insurance policy. After Havens showed Avett a receipt for this policy, Avett said: "Okay. It's yours and we'll get the papers changed and that's it." Havens took possession of the pickup and Avett considered Havens to be the owner at that time. On the day before Avett and Havens were to meet at the bank to draw up the papers and arrange refinancing, Havens wrecked the truck injuring Mrs. Bobo and Mrs. Lambert. In holding that Havens was not an additional insured under the policy issued to Avett covering the pickup truck, the court said:

> Therefore, when the accident occurred, Havens was not driving by Avett's permission because he did not need anyone's permission to drive his own vehicle. Under his contract to buy, he had the sole right to control the use of the vehicle, and it was up to him, and no one else, to grant or deny permission to drive.

The court in *Bobo* emphasized the "control" factor by distinguishing *Snyder v. Allstate Insurance Co.,* 485 S.W.2d 769 (Tex. 1972) as follows:

> Although an insurable interest is not dependent on ownership, it does not follow that the named insured no longer needs to have control over the use of the vehicle before he can grant permission to drive it. In Snyder the named insured parent retained control over his minor daughter's use of the car. His power to control the use of the vehicle was created by the parent-child relationship and was recognized by his daughter.

Here, as in *Bobo,* the named insured had no power to control the vehicle in issue. The 1976 Toyota was owned by Kay Lindsey as her "sole and separate property" after it was awarded to her in the August 20, 1980, divorce decree. She had the sole right to control the use of the vehicle. The named insured had no authority to grant to his former wife permission to drive her vehicle. The rule is stated in 7 Am.Jur.2d Automobile Insurance sec. 254 in this manner:

> The word "permission" or "consent" connotes the power to grant or withhold it, and therefore, in order for one's use and operation of an automobile to be within the meaning of an omnibus clause requiring the permission or consent of the named insured, the latter must, as a general rule, own the insured vehicle or have such an interest in it that he is entitled to the possession and control of the vehicle and in a position to give such permission.

In *Agee v. Travelers Indemnity Company,* 396 F.2d 57 (10th Cir.1968), the court held that the former husband, "Bennie," who was the named insured had no authority to grant permission to drive a Buick automobile which was listed in the insurance policy, but which had been awarded to the former wife, "Louise," in a divorce decree. The court said:

> When Bennie moved out of the family home with the children and established another household, she was no longer a named insured but was covered because she was driving an "owned automobile" within the policy terms with the consent of Bennie. This situation changed with the divorce decree which awarded the Buick to Louise. Bennie was no longer in a situation to grant permission for the use of the Buick and did not grant any permission to Sullivan.

*Dixon v. Kentucky Farm Bureau Mutual Insurance Company,* 602 S.W.2d 173 (Ky. 1980), is distinguishable from the instant case. There, the wife, "Sherry," filed a petition for divorce which included a property settlement agreement providing that a Volkswagen automobile owned by the parties would go to Sherry. The insurance policy covering the Volkswagen named the husband, "James," as the insured. On October 10, 1975, "unbeknown to either James or Sherry," a decree for the dissolution of their marriage which incorporated the property settlement agreement was entered. On October 18, 1975, while Sherry was driving the Volkswagen she had an accident which caused the death of Sherry and a passenger. The court in *Dixon* held that James still owned the car at the time of the collision and Sherry was operating it with his consent. The court stated:

> This court has no doubt but that James intended at sometime and after the conditions precedent had been fully complied with to transfer ownership of the VW to Sherry. However, at the time and on the occasion of the wreck, neither James nor Sherry knew that the decree had been entered and they had not gotten together to consummate the transfer of ownership. In those cases in which we have held that a sale and ownership of an automobile may be consummated even though a bill of sale had not been executed, the holder of the legal title fully intended to transfer title and ownership at the time of delivery. *Hicks v. Kentucky Farm Bureau Mutual Ins. Co.* [455 S.W.2d 52 (1970)], supra. In the case at bar, there was no such understanding, and until all conditions precedent had been complied with, *James owned the car and Sherry operated it with his consent.* (Emphasis added)

■ The evidence in the instant case conclusively establishes that Kay Lindsey "owned" the automobile that struck the plaintiff, and that her former husband, the insured, had no power or authority to grant Kay Lindsey permission to drive the vehicle. Plaintiff has failed to prove that Kay Lindsey or her permissive user, James Calvin Jackson, were additional insureds under the policy in question. Plaintiff has failed to establish a cause of action against the defendant under Subdivision 23.

■ Subdivision 28 is not applicable.[2] Defendant is not the type of company, and the insurance policy sued on is not the type of policy, to which this exception applies. *Pioneer Casualty Company v. Johnson,* 450 S.W.2d 64 (Tex.1970); *Centennial Insurance Company v. Cantu,* 482 S.W.2d 349 (Tex. Civ.App.—Eastland 1972, no writ); *Southern Farm Bureau Casualty Insurance Company v. Powell,* 414 S.W.2d 770 (Tex.Civ. App.—Corpus Christi 1967, no writ); *Mason v. Allstate Insurance Company,* 440 S.W.2d 404 (Tex.Civ.App.—Beaumont 1969, no writ); *Casares v. Pioneer Casualty Company,* 366 S.W.2d 652 (Tex.Civ.App.—Amarillo 1963, no writ). Even if subdivision 28 is applicable, plaintiff has failed to establish by a preponderance of the evidence that he is a policyholder or beneficiary. *National Life Co. v. Rice,* 140 Tex. 315, 167 S.W.2d 1021 (Tex.Comm'n App.1943, opinion adopted).

The judgment of the trial court is reversed, and we render judgment that the cause is transferred to one of the District Courts of Dallas County.

---

2. Insurance.—Suits against fire, marine or inland insurance companies may also be commenced in any county in which the insured property was situated. Suits on policies may be brought against any life insurance company, or accident insurance company, or life and accident, or health and accident, or life, health and accident insurance company, in the county where the home office of such company is located, or in the county where loss has occurred or where the policyholder or beneficiary instituting such suit resides.